**UNITED STATES v. ONE NASH AUTO et al.**

District Court, D. Montana.    December 2, 1927.

No. 1292.

1. Customs duties ⬤⟳133(6)—Claimant of automobile, in case of probable cause of forfeiture under revenue law, has burden of absolving auto from culpability (Tariff Act of 1922, tit. 1, § 1, Schedule 8, par. 805 [19 USCA § 121]; 19 USCA § 525).

Where probable cause is shown for forfeiture of automobile for violation of Tariff Act of 1922, tit. 1, § 1, Schedule 8, par. 805 (19 USCA § 121), for importation of beer without invoice and payment of duties, claimants of au-

tomobile have burden, under 19 USCA § 525, of absolving auto from culpability.

**2. Customs duties ⊂⇒130(6)—Owner's lack of knowledge of intended unlawful importation of beer in automobile held no defense in forfeiture action (19 USCA § 498; Tariff Act 1922, tit. 1, § 1, Schedule 8, par. 805 [19 USCA § 121]).**

Under 19 USCA § 498, owner's lack of knowledge of intended offense against Tariff Act 1922, tit. 1, § 1, Schedule 8, par. 805 (19 USCA § 121), by importation of beer without invoice or payment of duties, constitutes no defense to forfeiture of automobile, where chauffeur had knowledge thereof and participated therein.

**3. Customs duties ⊂⇒130(2)—Laws providing for forfeiture of conveyances engaged in smuggling held not repealed by implication (19 USCA § 483).**

19 USCA § 483, providing for forfeiture of conveyances engaged in smuggling, *held* not repealed by implication by National Prohibition Act (27 USCA § 1 et seq.), since it is not in direct conflict therewith.

**4. Criminal law ⊂⇒29—Government may elect between several offenses and remedies involved in criminal transaction (National Prohibition Act 1921, § 5 [27 USCA § 3]).**

Since criminal transaction may involve several offenses and remedies, government in prosecution may elect between them, as recognized by National Prohibition Act 1921, § 5 (27 USCA § 3), providing that analogous laws do not effect repeal, unless in direct conflict, and that government's election is exhausted only by conviction under some one thereof.

**5. Criminal law ⊂⇒29—Prohibition Law, requiring proceeding against person arrested and sale of conveyance, did not deprive government of right to proceed under tariff laws (National Prohibition Act, tit. 2, § 26 [27 USCA § 40]).**

27 USCA § 40, requiring arresting officer to proceed against person arrested, and court to order sale of conveyance, on conviction of violation of National Prohibition Act, *held* not to deprive government of its right of election to proceed under tariff laws, since mandate requires only charge against accused.

**6. Intoxicating liquors ⊂⇒255—Disposition of conveyance under Prohibition Act becomes mandatory only on conviction thereunder (National Prohibition Act, tit. 2, § 26 [27 USCA § 40]).**

Disposition of conveyance of accused for transportation of liquor by National Prohibition Act, tit. 2, § 26 (27 USCA § 40), becomes mandatory only on accused's conviction of violation of National Prohibition Act.

Forfeiture Libel. Proceeding by the United States against one Nash auto and others. Decree for the United States.

Wellington D. Rankin, U. S. Atty., and L. V. Ketter, Asst. U. S. Atty., both of Helena, Mont.

Ronald Higgins, of Missoula, Mont., for libelees and claimants.

BOURQUIN, District Judge. The auto engaged in transportation of Canadian beer smuggled into this country, with its occupants, was arrested and seized by national prohibition officers and by them delivered to the customs officers. Thereafter the said occupants plead guilty to the offense of knowingly and feloniously transporting the smuggled merchandise, and this libel was filed to adjudge the auto forfeited by reason of this violation of the import and customs laws, viz. importation without invoice and payment of duties.

The owners defend, for that they had no knowledge that, contrary to their instructions, the chauffeur, their employee, intended to commit any such offense, and that they are entitled to the benefit of section 26, title 2, of the National Prohibition Act (27 USCA § 40). The Tariff Act of 1922 imposes a tax or duty of $1 per gallon upon beer imported. 42 Stat. 897, par. 805 (19 USCA § 121, Schedule 8, par. 805).

[1] Probable cause appears, and the burden of proof upon claimants to absolve the auto from culpability (title 19, section 525, U. S. C. [19 USCA § 525]) has not been sustained. See U. S. v. One Oakland Auto (D. C.) 9 F. (2d) 636.

[2] As the auto is the offender, the owners' lack of knowledge of the intended offense is no defense, their chauffeur having knowledge and participating. See title 19, section 498, U. S. C. (19 USCA § 498).

[3] The laws providing for the forfeiture of conveyances engaged in smuggling are as old as the government. See title 19, sections 482, 483, U. S. C. (19 USCA §§ 482, 483). As they are not in direct conflict with the National Prohibition Act, the latter does not repeal them by implication. See U. S. v. One Ford Coupé, 272 U. S. 332, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025.

[4] As a matter of fact, the subsequent Tariff Act of 1922 recognizes their continuing existence, and fortifies them. A criminal transaction may involve several offenses and remedies, whereupon in prosecution the government may elect between them. U. S. v. One Ford Coupé, supra; 1 Bishop's Criminal Law, §§ 778-791. This is recognized by the National Prohibition Act (title 27, section 3, U. S. C. [27 USCA § 3]) in its provision that of analogous laws is no repeal, unless in direct conflict, and that the government's election is exhausted only by a conviction under some one of them.

[5] That section 26, title 2 (title 27, section

40, U. S. C. [27 USCA § 40]), prescribes a duty to the arresting officer to "proceed against the person arrested," and provides that, upon the latter's conviction of violation of the National Prohibition Act, the court shall order sale of the conveyance "unless good cause to the contrary is shown by the owner," does not, it is believed, deprive the government of this right of election. For the mandate of section 26 is no more than the like in the subsequent customs law (title 19, section 481, U. S. C. [19 USCA § 481]), or any other law, viz. to lay a charge against accused.

Thereafter the course of proceeding rests solely with the government's representative, the district attorney. In its behalf, he may prosecute or not, and may elect by virtue of which of several applicable laws he will proceed. With this, his discretion, section 26 does not assume to interfere. In any event, the neglect of the prohibition enforcement officers to proceed cannot absolve the customs officers from their duty to prosecute.

Moreover, the one law may be violated, though the other be strictly pursued, and in the case at bar it well may be was no violation of the National Prohibition Act.

[6] In conclusion, the disposition of the conveyance by section 26 prescribed becomes mandatory only upon accused's conviction of violation of the National Prohibition Act. Port Gardner Inv. Co. v. U. S., 272 U. S. 567, 47 S. Ct. 165, 71 L. Ed. 412. In this case that contingency has not happened.

Decree for libelant.