### THE PATRICIA.

### THE ALAMAC.

### THE LIBERTY.

#### Nos. 211–213.

Circuit Court of Appeals, Second Circuit.
Feb. 6, 1933.

See, also, 50 F.(2d) 623; 1 F. Supp. 807.

Milton R. Kroopf, of New York City, for appellants The Alamac, The Patricia, and The Liberty.

Louis Halle, of New York City, for The Patricia.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Alfred C. McKenzie, and Emanuel Bublick, Asst. U. S. Attys., all of Brooklyn, N. Y., of counsel), for the United States.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

The facts in all these suits were the same. Each vessel was licensed for coastwise trade, and was seized by the Coast Guard in navigable waters of the United States, laden with a cargo of liquors, the labels on which proved it to have been imported. United States v. American Motor Boat K–1231, 54 F.(2d) 502, 504 (C. C. A. 2). The crews were arrested at the same time and later indicted for violations of section 26 of title 2 of the National Prohibition Act (27 USCA § 40), and pleaded guilty. In two of the suits, before the indictments had been found, or the prosecution had otherwise declared itself, libels of information in rem were filed, containing as a count the violation of R. S. § 4377 (46 USCA § 325), which forfeits a vessel, licensed for coastwise trade, that engages in any other. In the third, the libel and the indictment were filed on the same day.

All three cases are ruled by The Ruth Mildred, 286 U. S. 67, 52 S. Ct. 473, 76 L. Ed. 981. It is true that in that case, before the libel was filed, the master had been charged not only with violating the National Prohibition Law, but the Tariff Act as well. The Ruth Mildred (C. C. A.) 56 F.(2d) 590, 592. Thus there had been no "clear election to go forward under the provisions of the Prohibition Act, and not under any other." General Motors Corp. v. U. S., 286 U. S. 49, 60, 52 S. Ct. 468, 472, 76 L. Ed. 971. But that, as we understand it, was only one reason for distinguishing Richbourg Motor Co. v. U. S., 281 U. S. 528, 50 S. Ct. 385, 74 L. Ed. 1016, 73 A. L. R. 1081. The other was that a vessel violating the navigation laws may be forfeited whether or not she also violates the National Prohibition Law. General Motors Corp. v. U. S., 286 U. S. 49, 61, 52 S. Ct. 468, 76 L. Ed. 971. As we now understand the law, a violation of the internal revenue laws by the transportation of liquors ashore, yields to section 26 of title 2 of the National Prohibition Act, though only if the prosecu-

tion has unequivocally committed itself to prosecution under section 26 before it has taken steps to forfeit under R. S. § 3450 (26 USCA §§ 1181, 1182). But it may forfeit under the Tariff Act for unlawful importation, or under the navigation laws, regardless of prosecutions under section 26. This covers that one of the three libels at bar in which the indictment was filed on the same day as the libel; it may be a further answer that, if both libel and indictment are filed together, the prosecution, when the libel is filed, has not yet made a "clear election to go forward under the prohibition act." But we need not press this somewhat tenebrous distinction. Our decision in U. S. v. Whippet Coupé, 61 F.(2d) 855, involved R. S. § 3450, and is not therefore in point; it was within Richbourg Motor Co. v. U. S., supra, 281 U. S. 528, 50 S. Ct. 385, 74 L. Ed. 1016, 73 A. L. R. 1081, which still stands.

It may here be an added ground for invoking R. S. § 4377, that the owners do not assert that they are "bona fide lienors." Under section 5 of the Willis-Campbell Act (see 27 USCA § 3), all earlier laws are to remain in force, save when "directly in conflict with the National Prohibition Act." The conflict in cases of this sort arises only because the earlier legislation does not protect the interests of innocent persons, while the Prohibition Act does. Unless the claimant brings himself within the grace of section 26, the two statutes may not directly conflict pro hac vice. If so, perhaps the prosecution against a guilty owner may proceed under either, or possibly both. This, however, we do not decide.

Decrees affirmed.