## GENERAL MOTORS ACCEPTANCE CORPORATION v. UNITED STATES.

### No. 6143.

Circuit Court of Appeals, Sixth Circuit.

Feb. 9, 1933.

Royden Dixon, of Memphis, Tenn. (Dixon & Williams, of Memphis, Tenn., on the brief), for appellant.

H. C. Murchison, of Jackson, Tenn. (Dwayne D. Maddox and Bailey Walsh, both of Memphis, Tenn., on the brief), for the United States.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

In a libel proceeding in rem brought by the government for the forfeiture of a Chevrolet automobile, appellant intervened and filed a reclamation petition praying that the car be delivered to it so that it might satisfy a lien claimed thereon under a title retaining contract. From an order denying the petition it appealed.

The car was seized by a narcotic agent while it was being used by one Luttrell in the transportation of two ounces of morphine. Luttrell was convicted, whereupon the government filed its libel under sections 3061 and 3062 of U. S. R. S., being sections 482 and 483, title 19, USCA, relating to the search and forfeiture of vehicles containing merchandise subject to duty or introduced into the United States contrary to law. The libel alleged that the automobile was being used to convey 775 grains of morphine which had been fraudulently and clandestinely imported and introduced into the United States without payment of customs duty due to be paid thereon, and not being in or from original stamped packages, and there being no internal revenue stamps affixed as provided by the statutes of the United States (see 26 US CA § 691 et seq.). The reclamation petition does not traverse any of the material allegations of the libel. In it there is no denial of the fact of transportation, nor the contraband character of the merchandise. The petition relies upon the superior title of the appellant by reason of its purchase of the conditional sales contract from the vendor of the car, the default of the purchaser, Luttrell, the good faith of the appellant in purchasing the contract, and its lack of knowledge that the car was being used or would be used for an unlawful purpose.

At the hearing the government produced the narcotic agent who made the seizure, who

testified as to the circumstances under which the car was seized, the indictment, trial, and conviction of Luttrell, the identity of the cans of morphine seized, the absence of internal revenue stamps thereon, his own tests that showed them to contain morphine powder, and his knowledge of the report and testimony of the chemist who analyzed the powder and found it to be morphine hydrochloride. No other witness was sworn for the government, and the appellant introduced no evidence. The court below, to which the case was tried under a stipulation waiving trial by jury, found the issues in favor of the United States, and against the appellant.

It is contended that the court erred in permitting the narcotic agent to testify that the seized merchandise was morphine hydrochloride, and in finding that the morphine was unlawfully imported. The argument, in so far as we are able to follow it, seems to be this: There are two precipitates of morphine, morphine sulphide, and morphine hydrochloride. The former is made in the United States in some quantity. There is substantially none of the latter manufactured in this country. While the witness for the government had personal knowledge that the alleged contraband was morphine, he could not state of his own knowledge whether it was morphine sulphide or morphine hydrochloride. If the former, there could be no inference that it was unlawfully imported into the United States. The evidence that it was morphine hydrochloride was purely hearsay, and should have been excluded, and, though the District Judge, by virtue of having presided over the trial of Luttrell, knew that the tins contained morphine hydrochloride, he could not take judicial notice of such fact in a case not involving the same parties or the same issues.

A question substantially identical has been giving trouble to the Court of Appeals for the Ninth Circuit. It certified it to the Supreme Court, General Motors Acceptance Corporation v. United States, 286 U. S. 49, 52 S. Ct. 468, 470, 76 L. Ed. 971, in the following form: "Is the record in the criminal case wherein the driver pleaded guilty of violating the customs laws (Tariff Act of 1930) admissible in the separate forfeiture proceedings wherein the intervener is the only party appearing, for the purpose of showing unlawful importation by the automobile, or for any other purpose?" The question was not answered on the ground that the answer might depend upon circumstances imperfectly disclosed in the certificate, and on the further ground that answer was not shown to be necessary.

Nor under the circumstances of the present case are we required to answer it. Aside from the fact that there was no denial by appellant that the drugs were smuggled or imported contrary to law, and that the petition contained averment tantamount to admission thereof (printed in the margin[1]), we think section 615 of the Act of June 17, 1930, c. 497, title 4 (19 USCA § 1615), to be applicable and decisive of the issue. That section provides that in all suits or proceedings brought for the forfeiture of any vehicle seized under the provisions of law relating to the collection of duties on imports where property is claimed by any person, the burden of proof shall be upon such claimant, provided that probable cause is first shown for the institution of such suit or proceeding. Similar provisions have been found in the tariff acts for many years.

It has been repeatedly held under these provisions that, once probable cause for the institution of the suit has been adjudged by the court, the burden is upon the claimant to establish the innocence of the vessel or vehicle charged with unlawful transportation of contraband. The Squanto, 13 F.(2d) 548 (C. C. A. 2); Vincent v. United States, 19 F. (2d) 344 (C. C. A. 1); United States v. One Nash Auto, 23 F.(2d) 126 (D. C.); United States v. One Gardner Roadster, 35 F.(2d) 777 (D. C.). The evidence here is sufficient to sustain a finding of probable cause for the institution of the suit. While there was no special finding to that effect, we think the general finding of the court on all of the issues in favor of the government includes by necessary inference such special finding. If not, the appellant cannot complain, having made no request for a special finding that there was no probable cause, and having taken no exception to the failure of the court to make such special finding.

It may be said in passing, though not necessary to decision, that, were we to hold that there was competent evidence before the court that the morphine in question was morphine hydrochloride, the presumption of its unlawful importation would necessarily follow under the decision of this court in Copperthwaite v. United States, 37 F.(2d) 846.

The order below is affirmed.

[1] "Petitioner avers that it did not know or have reason to believe that said purchaser Hugh M. Luttrell would use said automobile for the transportation of narcotics, and would not have purchased said paper had it known or had reason to believe he would do so. * * * That the reports made to petitioner and on which petitioner relied in purchasing said paper did not indicate in any manner that the purchaser was a law violator in any respect."