## MOSEHART & KELLER AUTOMOBILE CO. v. UNITED STATES.

No. 6938.

Circuit Court of Appeals, Fifth Circuit.

Dec. 14, 1933.

Phil D. Woodruff and W. P. Hamblen, both of Houston, Tex., for appellant.

M. S. McCorquodale, Asst. U. S. Atty., of Houston, Tex.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

An automobile was forfeited upon a libel under 19 USCA §§ 482, 483, charging that unlawfully imported morphine had been transported on and about it, notwithstanding the intervention of appellant who bona fide held a purchase-money claim against the automobile. The facts as agreed and as found by the court are that one Meschi who had bought the car from appellant was engaged at Houston, Tex., a port, in purchasing and peddling illicit morphine and had it stored in a house there. On a telephone order from an addict he placed an ounce of morphine in the automobile and transported it to the addict, delivered it, and was paid $100. Officers seized the morphine and car. The morphine proved to be of German manufacture, and no duty had been paid on it. This was known to Meschi, but it was not imported by him and was not transported in this car from the place of import, but was bought by him from unknown persons. Appellant had no part in nor knowledge of these matters, but held a bona fide lien on the car. Appellant's contention is that on these facts importation of the morphine had ceased and the tariff laws do not apply, that Meschi is guilty simply of violating the Harrison Narcotic Act which does not undertake to forfeit vehicles.

A duty is laid on imported morphine. 19 USCA § 1001, par. 59. Though importation is restricted by 21 USCA § 173, morphine is within the definition of merchandise. 19 USCA § 1401 (c). See United States v. Sischo, 262 U. S. 165, 43 S. Ct. 511, 67 L. Ed. 925. Vehicles used in smuggling imported narcotics have frequently been forfeited. United States v. One 6–54–B Oakland Touring Automobile (D. C.) 9 F.(2d) 635; United States v. One Gardner Roadster (D. C.) 35 F.(2d) 777; United States v. One Cadillac Town Automobile (D. C.) 55 F.(2d) 413; United States v. One Chevrolet Coach (D. C.) 1 F. Supp. 310. The application of this statute to imported morphine is settled in principle by its application to imported intoxi-

cating liquor in General Motors Acceptance Corporation v. United States, 286 U. S. 49, 52 S. Ct. 468, 76 L. Ed. 971, 82 A. L. R. 600. The distinction now asserted is that here the act of importation had been completed, the importer had sold the smuggled morphine to Meschi, and he was transporting it within the United States for the purpose of resale. We think the distinction is not supported, considering the purpose and the language of the statute involved. A duty is owing on all imported morphine, and importation without payment is unlawful. The special restrictions touching its import only multiply the grounds of unlawfulness in importation. The statute under consideration, 19 USCA §§ 482, 483, is not peculiar to narcotics, but applies to all merchandise subject to duty or introduced into the United States in any manner contrary to law. Its aim is not alone to prevent the act of unlawful importation, but also to force collection of any duties owing, and to this end to prevent the hiding or disposal of the smuggled merchandise. To attain these purposes, it is reasonable that the smuggled goods themselves be forfeitable after as well as in the act of unlawful importation, and that vehicles and containers used not only in the importation but also in any subsequent transportation or concealment of the goods should be attainted and forfeited. This is exactly what we understand the statute to require. Section 482 refers to the search of vehicles and persons for smuggled goods, and provides: "If any such officer or other person so authorized shall find any merchandise on or about any such vehicle, beast, or person, or in any such trunk or envelope, which he shall have reasonable cause to believe is subject to duty, or to have been unlawfully introduced into the United States, whether by the person in possession or charge, or by, in, or upon such vehicle, beast, or otherwise, he shall seize and secure the same for trial." These words say that, if such goods are found on or about a vehicle, whether unlawfully introduced into the United States by the person then in possession or charge, or by, in, or upon that vehicle or not, the vehicle is to be seized. Section 483 then provides that every such vehicle shall be subject to seizure and forfeiture.

Here smuggled morphine is found on or about this automobile, known to be such by Meschi, who owns both morphine and vehicle, and who is attempting to sell the morphine. We must hold the case to be within the statute, although the unlawful introduction into the United States had already been accomplished, and by another person and another vehicle. In United States v. Commercial Credit Co., 286 U. S. at page 67, 52 S. Ct. 467, 76 L. Ed. 978, the court in upholding the forfeiture of a vehicle under this statute took pains to point out that the vehicle was engaged in a continuous process of carriage from Mexico to Texas, in unlawful importation as well as transportation; but that fact was of importance there because intoxicating liquors were involved, and the question was whether the tariff statute was not superseded by the National Prohibition Act as touching simple transportation of liquors within the United States. No such question of conflicting statutes arises touching narcotics, for there is none providing a forfeiture for mere transportation of narcotics.

We are pressed by the suggestion of extreme hardship that may result if the owner and possessor of the vehicle be ignorant of the contraband character of the goods put on or about it. Whether such ignorance would be a defense against forfeiture may be left to a case presenting that situation. That hard cases are for the Secretary of the Treasury was suggested in General Motors Acceptance Corporation v. United States, 286 U. S. at page 57, 52 S. Ct. 468, 76 L. Ed. 971, 82 A. L. R. 600. The innocence of appellant in this case does not avail, because Meschi was in lawful possession of the guilty vehicle, and was himself neither ignorant nor mistaken. Goldsmith, Jr.-Grant Co. v. United States, 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376.

The judgment is affirmed.