## THE FELICIA.

### No. 3018.

District Court, E. D. New York.

Feb. 24, 1936.

See, also, 4 F.Supp. 694.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Phillip J. Hirsch, Asst. U. S. Atty., of St. George, S. I., N. Y., of counsel), for libelant.

Louis J. Castellano, of Brooklyn, N. Y. (David Slade, of New York City, of counsel), for claimant.

BYERS, District Judge.

On August 18, 1933, the power yacht Felicia was proceeding westerly in the easterly end of Long Island Sound or in the westerly end of Block Island Sound, on a course which would take her into New York; when about one and one-half miles N.N.E. of Little Gull Light, she was sighted by a vessel of the Coast Guard, which was under orders to intercept her. In response to a signal to heave to, the yacht stopped, and was boarded by an officer from the government vessel. Search disclosed some 1,820 cases of intoxicating liquor in burlap sacks, the bottles being labeled so as to indicate foreign origin.

The vessel was taken into custody with her cargo, and this forfeiture proceeding is the result.

The amended libel pleads the following causes:

First. Tariff Act of 1930 (46 Stat. 590, 748, 751) §§ 584, 594 (19 U.S.C. §§ 1584, 1594, 19 U.S.C.A. § 1594, and § 1584 and note).

Second. The same, § 592 (19 U.S.C. § 1592, 19 U.S.C.A. § 1592).

Third. The same, § 593 (b), 19 U.S.C. § 1593 (b), 19 U.S.C.A. § 1593 (b).

Fourth. U.S.R.S. §§ 4377 and 4214 (46 U.S.C. §§ 325 and 103, 46 U.S.C.A. §§ 103, 325).

No testimony was offered by the claimant Thompson, who was the yacht's captain, with the result that the evidence of the government stands uncontradicted.

It will be discussed only in connection with the contentions submitted on behalf of the claimant, who stood upon his motion to dismiss.

The first argument is that forfeiture for any of the four causes cited does not lie, because the government was compelled to seek such relief under section 26 of title 2 of the National Prohibition Act, 27 U.S.C.A. § 40, which was in force at the time of the seizure.

The fourth statutory cause pleaded is that the vessel was "employed in (any) other trade than that for which she is licensed * * *"; that is to say, in transporting 1,820 cases of assorted liquors for pay.

The first three causes are laid under the Tariff Act of 1930, and in their order involve the:

(a) Presence on board of a cargo of merchandise of foreign origin, which was brought from a foreign port into territorial waters of the United States, and not included in the manifest, and that no manifest was in existence although proper demand therefor was made. That there were no bills of lading or invoices for the said merchandise possessed or produced on like demand.

(b) Alleged attempt by the master and crew to introduce the said cargo into the commerce of the United States contrary to law and in defraud of the customs whereby the United States would be deprived of lawful duties.

(c) Act of fraudulently and knowingly bringing into the United States and concealing the said cargo, by the master, crew and owner, of the said cargo, with like purpose to that stated in the preceding cause.

In contending that the government was required to proceed under section 26, title 2, of the National Prohibition Act, the claimant relies on Richbourg Motor Co. v. United States, 281 U.S. 528, 50 S. Ct. 385, 74 L.Ed. 1016, 73 A.L.R. 1081, and asserts that General Motors Acceptance Corporation v. United States, 286 U.S. 49, 52 S.Ct. 468, 76 L.Ed. 971, 82 A.L.R. 600, does not apply, and that he is aided by United States v. Chambers, 291 U.S. 217, 54 S.Ct. 434, 78 L.Ed. 763, 89 A.L.R. 1510.

Stated tersely, he means that, because penalties and forfeitures did not survive the adoption of the Twenty-First Amendment, the government's cause must be dismissed.

While the General Motors Case involved automobiles seized in the transportation of intoxicating liquors across the

international boundary between Mexico and the United States, the discussion of the applicability of the forfeiture provisions of the Revenue laws was comprehensive, and was deemed by the court to point to the necessary disposition of a proceeding involving an unmanifested cargo of liquors on the S. S. Sebastapol, under sections 584 and 594 of the Tariff Act of 1922 (19 U.S.C.A. §§ 486, 498), in the case of General Import & Export Co., Inc., v. United States, 286 U.S. 70, 52 S. Ct. 474, 76 L.Ed. 983.

In the case of United States v. The Ruth Mildred, 286 U.S. 67, 52 S.Ct. 473, 76 L.Ed. 981, a forfeiture of the vessel under Rev.St. § 4377, 46 U.S.C.A. § 325 (the fourth cause here pleaded) was ordered, where the master had intervened and advanced the same claim as is expounded under the first point of this claimant's brief. The court says: "Our decision in General Motors Acceptance Corp. v. United States, ante, p. 49 [286 U.S. 49, 52 S.Ct. 468, 76 L. Ed. 971, 82 A.L.R. 600], would require a reversal of this judgment [the master had been successful below] if the vessel had been seized for unlawful importation in violation of the tariff act. Even more plainly that result must follow where the basis of the seizure is a breach of the navigation acts growing out of a departure by the vessel from the conditions of her license."

That decision was deemed to dispose of the contention that the government was required to proceed under section 26 of title 2 of the National Prohibition Act where the vessel was found to be carrying a cargo of liquor instead of pursuing the calling described in her license, by the Second Circuit Court of Appeals, in The Pueblos, 77 F.(2d) 618, at page 620.

So much of the claimant's argument therefore must be deemed to be untenable.

■ The claimant next urges that the government is shown to have elected to proceed under the Prohibition Act, and that subsequent proceedings under the Tariff Act or the navigation laws are thereby barred. The answer of the claimant was amended so as to plead the facts in support of this assertion.

The testimony shows that all persons who were on board the vessel were arrested, and arraigned before a commissioner on August 19, 1933, upon a complaint which charged a conspiracy to violate the Tariff Act, and the Prohibition Act; as to the latter, the transportation of the liquor was specified.

Thereafter an indictment was filed charging a conspiracy to violate the Tariff Act, and the substantive violation. The original libel was filed two days thereafter.

The indictment was dismissed at the instance of the government on April 4, 1934.

The abandonment of the criminal proceedings can have no effect herein, for nothing was thereby decided. The averment, in the original complaint, of matters covered by the Prohibition Act, did not inevitably commit the government to a prosecution therefor, in view of the inclusion of Tariff Act violations. Even if this were not so, it has been said by the Second Circuit Court of Appeals in The Patricia et al., 62 F.(2d) 1054, 1055, certiorari denied sub. nom. The Liberty v. United States, 289 U.S. 747, 53 S.Ct. 690, 77 L.Ed. 1493, that forfeiture lies for unlawful importation under the Tariff Act "regardless of prosecutions under section 26 [of title 2 of the Prohibition Act]."

If the said complaint was a prosecution, it is within the quoted expression; if it fell short of that, it did not constitute an election; in any case, it proclaimed the assertion of conspiracy to violate the Tariff Act, and while that, if proven, would have been a separate crime from a substantive violation, it is impossible to follow the claimant's reasoning that the conspiracy charge is so inconsistent with the first three causes of forfeiture herein pleaded, that the latter are barred because of the criminal proceedings.

It is thought that nothing has been shown, from the criminal docket of this court, which will enable the claimant to avoid the relief sought by libelant.

The claimant then argues that the government has failed to demonstrate its right to maintain any of the causes pleaded, in that:

As to the requirement of a manifest under section 584 of the Tariff Act 1930 (19 U.S.C.A. § 1584 and note), since this was a pleasure yacht, and was first observed in the territorial waters of the United States, the law was not violated.

■ It is true that the seizure occurred in territorial waters and that the vessel was not observed in the open sea; the proof, however, is undisputed, that she was pro-

ceeding to New York, having taken this cargo at St. Pierre, a foreign port, a day or so prior to being taken into custody.

Under these circumstances, and in the absence of proof or contention that the licensed pleasure yacht was of 15 gross tons or under, the master or person in charge was required to have, and produce upon demand, a manifest of all dutiable articles, namely, of this cargo. Title 46, U.S.C., § 106, 46 U.S.C.A. § 106. For failure to meet this requirement, the master's penalty under title 19, U.S.C., § 1584, 19 U.S.C.A. § 1584 and note, arose, and the liability of the vessel to seizure and proceeding to recover the same ensued under title 19, U. S.C., § 1594, 19 U.S.C.A. § 1594. The first cause is therefore sustained.

■ As to the second cause, under section 592 of the Tariff Act 1930 (19 U.S.C.A. § .1592), touching the attempted introduction into domestic commerce of the said cargo, in defraud of the customs, it is urged that violation of this provision may rest upon the attempted use of false and fraudulent documents only, and that none has been shown with respect to this vessel.

No authority is cited in support of this argument. The libel alleges that, at the time of seizure, the master and crew were "attempting" to introduce the cargo into the commerce of the United States; the statute in terms has to do with fraudulent practices involving the use of documents, or statements, and as to the latter, they may be "written or verbal"; "any false or fraudulent practice or appliance whatever" is an instrumentality recognized and denounced by the statute, which is designed to protect the revenues against fraud.

An earlier and similar statute was held to have been violated in United States v. 1,250 Cases of Intoxicating Liquors (C.C. A.) 292 F. 486, although no fraudulent documents were employed. There forfeiture of cargo was sustained where it had been unladen off-shore into small boats not belonging to the carrying vessel.

A finding in the District Court was sustained, that there was an attempt to introduce all of the laden vessel's cargo, and actual introduction of part, into the commerce of the United States, by means of fraudulent practices, i. e., "evasion of the provisions of the National Prohibition Act."

Here the captain and crew are found to have been attempting to introduce the cargo which has been libeled, into the commerce of the United States. No other purpose is suggested, and the evidence permits of no other inference. The fraudulent practice involved the master's failure to have a manifest, or to produce bills of lading or invoices, and the violation of the terms of the vessel's license as a private yacht.

This cause of forfeiture is sustained.

■ As to the third cause, which involves bringing into the United States any merchandise contrary to law, knowing it to have been so imported, and concealing the same, for that purpose, and the forfeiture thereof, the claimant urges: That at the time and place of seizure, there were no duties payable, and there was no landing or attempt to land and therefore no smuggling, hence there can be no forfeiture of the cargo.

The claimant relies upon Keck v. United States, 172 U.S. 434, 19 S.Ct. 254, 43 L. Ed. 505, which is a criminal case under the then smuggling statute, in which the conviction was set aside because the act of smuggling a package of diamonds had not been completed; the package had been intercepted by Treasury agents while in the possession of the ship's master and before the package had been taken through the customs lines.

The contention has been examined in the light of United States v. Merrell (C. C.A.) 73 F.(2d) 49, in which the circumstances are sufficiently like those here presented, to obviate recital. That was a criminal cause in which a conviction for facilitating the concealment of smuggled liquor was sustained. The reasoning of the court as it appears in 73 F.(2d) on page 51, second column, seems to point to the view that forfeiture in this case, of the cargo, is justified under section 593 (b) of the Tariff Act of 1930 (title 19, U. S.C., § 1593 (b), 19 U.S.C.A. § 1593 (b). See, also, Gillespie v. United States (C.C. A.) 13 F.(2d) 736.

This cargo had been imported from St. Pierre; it was being concealed in the Felicia with knowledge that it had been imported into the United States, and its only destination could have been agencies of distribution which were operating so as to avoid the payment of duties. It does not change this aspect of the situation, to reflect that duties could not have been paid at the time, even though the desire to do so could be ascribed in theory to the owner or consignee of the cargo. The enterprise

was an illegal one from inception to execution, and no refinements of reasoning can change that fact.

It is thought that the third cause of forfeiture is sufficiently established.

■ As to the fourth cause, the violation of Rev.St. § 4377 (46 U.S.C.A. § 325) in that the Felicia, being a pleasure yacht, was employed in a trade other than according to her license, the argument is that there is a failure of proof that she was transporting this cargo for pay.

The allegation in the libel is that she was violating her license "in transporting said merchandise for pay."

While this may be a somewhat broader undertaking than is shown by the proof, there can be no doubt that the vessel was engaged in a commercial pursuit; that is, in a trade, rather than in that for which she was licensed, and she could not have been so employed, unless her owner or master were to receive recompense in some form or other. See Gaul v. United States (C.C.A.) 62 F.(2d) 559.

The case of United States v. American Motor Boat K–1231 (C.C.A.) 54 F.(2d) 502, contains a sufficient discussion of this branch of the law as expounded in this Circuit, to render further discussion inappropriate, concerning the applicability of the statute relied upon to justify the fourth cause of forfeiture.

It results that the libelant is entitled to a decree, to be settled on notice.