UNITED STATES v. ONE 1937 HUDSON TERRAPLANE COUPÉ AUTOMOBILE, MOTOR NO. 285062, SERIAL NO. 701773.

No. 2101.

District Court, W. D. Kentucky.

Dec. 18, 1937.

Bunk Gardner, U. S. Atty., J. D. Inman, Asst. U. S. Atty., both of Louisville, Ky., for libelant.

G. E. Wade, of Louisville, Ky., for claimant.

HAMILTON, District Judge.

This case is before the court on final submission on a libel of the government. The facts out of which the controversy arises are substantially as follows:

On March 16, 1937, agents of the Bureau of Narcotics, Treasury Department of Louisville, Ky., seized in Louisville one 1937 Hudson Terraplane Coupé automobile, motor No. 285062, serial No. 701,773, and turned it over to the Collector of Customs, Louisville, Ky. Forfeiture is sought under U.S.C.A. title 19, c. 3, §§ 482, 483, R.S. § 3061, section 3062, as amended.

The National Bond & Investment Company has intervened, alleging that on February 23, 1937, the Riedley Motor Company sold the seized automobile to Joseph F. Weidekamp, under a conditional sales contract, and thereafter the intervener purchased the contract and is now its owner. There is a balance of $670.80 due on the car.

The intervener alleges the appraised value of the automobile as determined by the Collector of Customs is less than its lien claim of $670.80, and prays that the court enter an order remitting and mitigating the forfeiture and deliver the automobile to it, or, if sold, adjudge it a superior lien.

The intervener denies that the automobile was used for the unlawful transportation of narcotics.

Thelma Danhauer, the driver of the car at the time of seizure, testified she was the owner, though the car had been bought in the name of Joseph F. Weidekamp, and she used it for the transportation of narcotics on several occasions. The arresting officers, policemen of the city of Louisville, testified they had information that Thelma Danhauer was peddling drugs; and they saw her riding in the car, get out of it, and walk from it towards the apartment where she lived. They immediately arrested her and found on her person an ounce of heroin and three cubes of morphine.

The United States has moved to dismiss the intervening petition on the ground the court lacks jurisdiction to determine its interest or title in the seized car.

I will first dispose of the motion to dismiss. Revised Statutes, § 3061, U.S.C.A. title 19, § 482, provides any of the officers or persons authorized to board or search vessels may stop, search, and examine, both within and without their respective districts, any vehicle, beast, or person, when they suspect dutiable merchandise is concealed therein or thereon with the duty unpaid. Tariff Act 1930, § 581, 46 Stat. 747, as amended, 49 Stat. 521, § 203, U.S.C.A. title 19, § 1581, limits the statutory right to board and search vessels and vehicles for a violation of the customs laws to the customs officers or officers of the Department of Commerce.

It is a well-settled rule of law that property forfeitable under the laws of the United States may be seized by one having no authority to do so, if the seizure be adopted by the United States, and is effective from the original date. United States v. One Ford Coupe, 272 U.S. 321, 351, 47 S.Ct. 154, 164, 71 L.Ed. 279, 47 A.L.R. 1025.

Revised Statutes, § 3062, as amended, U.S.C.A. title 19, § 483, provides, among other things, that all vehicles used in the importation, landing, removal, concealment, harboring, or subsequent transportation of any merchandise unlawfully introduced, or attempted to be introduced into the United States, shall be seized and forfeited.

46 Stat. 754, U.S.C.A. title 19, § 1602, makes it the duty of any officer, agent, or other person seizing a vehicle for violation of the customs laws to immediately report the seizure to the Collector of Customs. 46 Stat. 754, U.S.C.A. title 19, § 1603, makes it the duty of the Collector of Customs to make a report of the seizure to the General Counsel of the Treasury Department, and to the United States Attorney. Section 1604 of the same title requires the District Attorney, on receipt of the report from the Collector, to immediately inquire into the facts of the case and the laws applicable thereto, and if it appears to him from such investigation that a forfeiture has been incurred, to institute proceedings in the United States District Court for recovery of the fine, penalty, or forfeiture. Section 1605 of the same title requires the Collector of Customs to retain custody of the seized vehicle, and section 1606, of the same title, requires the Collector to have an appraiser to fix the domestic value of the vehicle.

Section 1607, of the same title, provides if the domestic value so determined does

not exceed $1,000, the Collector shall cause a notice of the seizure and intention to forfeit and sell the seized vehicle to be published for at least three consecutive weeks in such manner as the Secretary of the Treasury may direct.

Section 1608, of the same title, provides that any person claiming an interest in the vehicle may, at any time within twenty days from the date of the first publication of the seizure, file with the Collector a claim stating his interest, and upon giving bond of $250, with approved sureties, conditioned that in case of condemnation of the articles so claimed the obligor shall pay all costs and expenses of the proceedings to obtain such condemnation. The Collector shall transmit such claim and bond with the duplicate list and description of the seized articles to the United States Attorney for the District in which the seizure was made, who shall proceed to a condemnation of the merchandise or property in the manner prescribed by law.

Section 1609, of the same title, provides that if no claim be filed or bond given as required under section 1608, the Collector shall declare the forfeiture and sell the seized article at public auction in the same manner as merchandise abandoned to the United States.

Section 1613, of the same title, provides that any claimant of a vehicle administratively forfeited and sold may, within three months after the date of the sale, apply to the Secretary of the Treasury for a remission of the forfeiture and for restoration of the proceeds of such sale, or such part thereof as may be claimed by him, if satisfactory proof is presented to the Secretary of the Treasury that the claimant did not know of the seizure prior to the forfeiture and that such forfeiture was incurred without any willful negligence or intention to defraud on the part of the applicant; the Secretary may order the proceeds of the sale restored to the claimant, after deduction of all costs. If no application is made within three months after sale, or, if denied, the proceeds of the sale shall be used in payment of all proper expenses of seizure and all court costs, for satisfaction of all liens, and for the payment, if any, of all duties; the residue to be deposited with the Treasurer of the United States as a customs or navigation fine.

Section 1614, of the same title, provides that any person claiming an interest in any seized property may obtain its release by paying its domestic value, if he makes it appear, by evidence, to the Collector that he has a substantial interest in the seized property.

Section 1615, of the same title, provides that in suits brought for forfeiture of vehicles, the burden of proof shall be on the claimant, after probable cause is first shown by the United States, provided the testimony of the arresting officer shall be prima facie evidence of the place where the act in question occurred, and the stamps or labels upon or accompanying such merchandise shall be prima facie evidence of its foreign origin.

Section 1616, of the same title, authorizes the Secretary of the Treasury to remit or mitigate any fine, penalty, or forfeiture, or to compromise the same.

Section 1617, of the same title, provides the Secretary of the Treasury is authorized to compromise the forfeiture upon the report of a Collector, District Attorney, or any Special Attorney or Customs Agent having charge of any claim arising under the customs laws showing the facts upon which the claim is based, the probabilities of a recovery, and the terms upon which the same may be compromised.

Section 1618, of the same title, provides that any person having a property interest in any seized vehicle may file with the Secretary of the Treasury a petition for a remission or mitigation of the forfeiture, and if the Secretary finds the forfeiture was incurred without willful negligence, or without any intention on the part of the petitioner to defraud the revenues or to violate the law, or finds the existence of such mitigating circumstances as to justify the remission or mitigation of such forfeiture, he may remit or mitigate the same upon such terms and conditions as he deems reasonable and just, or order discontinuance of any prosecution relating thereto.

The United States insists that a claimant of a seized vehicle under the customs laws can obtain no relief in court, but is relegated exclusively to his remedies in the administrative branch of the Treasury Department, and proceeding on this premise the intervener's petition should be dismissed. The faulty reasoning from the premise lies in the fact that it is assumed the court tries only title. Section 1607, heretofore referred to, provides for administrative forfeiture. Section 1608 provides the procedure to be followed to avoid adminis-

trative forfeiture. In the judicial proceeding, the court would determine two issues: (1) Whether there was probable cause for the seizure; and (2) whether the seized property was forfeitable.

These issues may be tendered by any person having a property interest in the seized vehicle. It therefore follows the motion to dismiss the intervening petition should be denied.

Turning to the merits of the case, the intervener first contends that the automobile is not subject to forfeiture because the importation of the narcotics had ceased at the time of seizure, and there was no probable cause and no showing that they were illegally imported. It also contends that its title to the automobile is superior to that of the United States and that at the time it purchased the conditional sales contract it had no knowledge the car was being used, or would be used, for an unlawful purpose; that it acted in good faith in acquiring its lien on the automobile, and it would be a manifest injustice to divest it of its interest in the car.

■■ The statute under which the seizure was made (R.S. § 3061, U.S.C.A. title 19, § 482) is broad enough to cover a vehicle used in the transportation or concealment of narcotics unlawfully imported, even though the concealment by use of the vehicle may occur after the drug has traveled far from the port of entry and passed through different hands. It specifically covers "subsequent transportation" after illegal importation. The duty is laid on imported morphine, and it falls within the definition of merchandise. Compare United States v. Sischo, 262 U.S. 165, 43 S.Ct. 511, 67 L.Ed. 925.

■ The facts heretofore pointed out are sufficient to show probable cause for the seizure. "Probable cause" means present circumstances creating a strong suspicion which would lead a reasonable person to believe the vehicle was being used for the transportation of narcotics theretofore unlawfully imported. It does not mean the person before making the seizure must have in his possession facts which, if unexplained, would require forfeiture of the vehicle because of unlawful transportation. Locke v. United States, 7 Cranch 339, 348, 3 L.Ed. 364; Wood v. United States, 16 Pet. 342, 366, 10 L.Ed. 987.

Vehicles used in transporting narcotics theretofore unlawfully imported into the United States have frequently been forfeited. United States v. One 6-54-B Oakland Touring Automobile, D.C., 9 F.2d 635; United States v. One Gardner Roadster, D.C., 35 F.2d 777; United States v. One Cadillac Town Automobile, D.C., 55 F.2d 413; United States v. One Chevrolet Coach, D.C., 1 F.Supp. 310; Mosehart & Keller Automobile Company v. United States, 5 Cir., 67 F.2d 776; General Motors Acceptance Corporation v. United States, 286 U.S. 49, 52 S.Ct. 468, 76 L.Ed. 971, 82 A.L.R. 600.

■ The testimony in this case shows the driver of the car had the reputation of engaging in the illicit sale of heroin and morphine and that she had it hidden at a place other than her residence. It also shows the packages were unstamped. I believe this sufficient compliance with U.S.C.A. title 19, § 1615, heretofore referred to, and shifts the burden of proof to the claimant to show by a fair preponderance of the evidence that the narcotics were legally imported and the vehicle innocent. General Motors Acceptance Corporation v. United States, 6 Cir., 63 F.2d 209; Copperthwaite v. United States, 6 Cir., 37 F.2d 846; Sherman v. United States, 5 Cir., 268 F. 516; Shore v. United States, 61 App.D.C. 18, 56 F.2d 490; Nounes v. United States, 5 Cir., 4 F.2d 833.

■ The court may take judicial notice of the fact that heroin and morphine have their origin in foreign countries and are legally in this country only by importation, and that identifying marks are usually found on them when legally possessed, their source being easily traced.

■ It has been the fixed determination of this government from its foundation to forfeit vehicles and animals used in the transportation or concealment of articles for the purpose of evading the revenue and customs laws, and the rights of innocent lienholders have received scant protection under the law. Goldsmith, Jr.-Grant Company v. United States, 254 U.S. 505, 513, 41 S.Ct. 189, 191, 65 L.Ed. 376.

The forfeiture law applied with all of its vigor in the "horse and buggy days." There is a greater reason to strictly apply it since the advent of the automobile. In almost every illegal transportation by automobile, the transgressor uses a vehicle purchased under the installment plan. Probably the interest of the public would best be served if the finance companies would ex-

ercise greater caution in extending credit so as not to indirectly aid law breakers.

The claimant's petition will be dismissed. Counsel will prepare findings of fact and conclusions of law conformable with this opinion.