**STEPHENS et al. v. UNITED STATES.**

**THE F. H. RUSSELL.**

Circuit Court of Appeals, Fifth Circuit.
January 24, 1929.

No. 5293.

Walter J. Gex, of Bay St. Louis, Miss., and Wm. B. Grant, of New Orleans, La. (Gex & Russell, of Bay St. Louis, Miss., on the brief), for appellants.

Alex C. Birch, U. S. Atty., and J. E. Meredith, Asst. U. S. Atty., both of Mobile, Ala.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The American gas motorboat F. H. Russell was decreed to be forfeited under a libel which contained allegations to the following effect:

On the application of the owner of said vessel the deputy collector of customs of the port of Biloxi, on March 17, 1924, allotted and assigned to that vessel the number A–829, she then being a vessel of less than 5

net tons. On September 3, 1927, the Coast Guard seized the F. H. Russell while she was in the navigable waters of the Gulf of Mexico, and then having aboard a cargo consisting of 227 cases of two 5-gallon containers each of alcohol. At the time of such seizure, such changes and alterations had been made in said vessel by her owner that her net tonnage had been increased from less than 5 tons to 11.53 net tons. When the vessel was seized she was not licensed, and no license for her had been applied for. By an agreed statement of facts the above-mentioned allegations were admitted.

■ One of the grounds on which the forfeiture was sought was a violation of the following statute: "Whenever any certificate of registry, enrollment, or license, or other record or document granted in lieu thereof, to any vessel, is knowingly and fraudulently obtained or used for any vessel not entitled to the benefit thereof, such vessel, with her tackle, apparel, and furniture, shall be liable to forfeiture." 46 USCA § 60. Under the law providing for numbering vessels, a record of the number is kept in the customhouse of the district in which the owner or managing owner resides. 46 USCA § 288. Within the meaning of the above set out statute, the number allotted to a vessel is to be considered a record or document granted in lieu of a certificate of registry, enrollment, or license. A vessel not registered, enrolled, or licensed, but having only a number allotted pursuant to the statute, is not authorized to be employed in trade, foreign or coasting. 46 USCA § 251.

■ When the F. H. Russell was seized, she was employed in trade, either foreign or coasting. When the vessel was so changed as to become one of between 5 and 20 tons, she was subject, after the making of prescribed sworn statements, to be licensed to be employed in trade, and, if she had been so licensed, would have been subject to be forfeited for being employed in a trade other than the one for which she was licensed. 46 USCA §§ 262, 325. When the vessel, after having been changed as above stated, was employed in trade, she was not entitled to the benefit of the number allotted to her as above stated. It appears that that number was knowingly used for a vessel not entitled to the benefit thereof. Any one participating in that use was charged with knowledge of the laws governing the use of the vessel in trade, and such participation manifests a purpose to evade those laws, or frustrate the proper administration

thereof. The use of the number for such illegal purpose was fraudulent, though financial loss to the government was not involved. Haas v. Henkel, 216 U. S. 462, 479, 30 S. Ct. 249, 54 L. Ed. 569, 17 Ann. Cas. 1112; United States v. Tynan (D. C.) 6 F.(2d) 668. Under the admitted state of facts the vessel was subject to be forfeited.

The decree is affirmed.