## THE GANDER.
### No. 35.

Circuit Court of Appeals, Second Circuit.
Dec. 14, 1931.

See, also, 47 F.(2d) 669.

John Buckley, U. S. Atty., of Hartford, Conn., Arthur W. Henderson, Sp. Asst. to Atty. Gen., and George H. Cohen, Asst. U. S. Atty., of Hartford, Conn., for the United States.

Louis Halle, of New York City (Milton R. Kroopf, of New York City, on the brief), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The amended libel alleged nine causes of action for penalties or forfeiture, but only the four counts hereafter mentioned are now insisted upon by the appellant. Count 2 claims forfeiture of the vessel under section 4377, Rev. St. (46 USCA § 325), in that she was employed in a trade other than that for which she was licensed. Count 7 claims a penalty under the Act of June 9, 1910 (46 USCA §§ 513, 517), in that she was running at night without lights. Count 8 claims both a penalty and forfeiture of the vessel under section .586 of the Tariff Act of 1922 (19 USCA § 488), in that she unlawfully unladed merchandise within the United States at a place not "proper." Count 9 claims a penalty under section 3068 Rev. St. (18 USCA § 122) and section 594 of the Tariff Act of 1922 (19 USCA § 498), in that her master obstructed revenue officers in lawfully boarding her. Arthur A. Rowland filed an answer claiming the vessel and denying the allegations of the libel.

The ·Gander was a gasoline motorboat enrolled and licensed for fishing, and was owned by the claimant. On February 6, 1930, about 5 p. m., as she was leaving the harbor at Stonington, Conn., she was stopped and boarded by the Coast Guard patrol boat CG–290, commanded by Boatswain Cornell. Rowland and five others were aboard the Gander and said they were bound for The Banks. No violations of law were discovered, and she was allowed to proceed. The CG–290, however, trailed her out past Block Island until the trail was lost about 9 p. m. It was a moonlight night, and both vessels were running without lights. Some half hour later, Cornell saw signals in the southwest, and, proceeding in that direction, came in sight of a larger vessel which he says he recognized as the British vessel Good Luck. His official report, however, identified her as the Black. Alongside the larger vessel was the Gander. On the deck of the larger boat were tiers of burlap bags and some fifty similar packages were on the deck of the Gander. The CG–290 came within 200 feet of the other vessels, turned its searchlight upon them, and saw the Gander's name upon her stern. Both vessels took to flight. The Gander was pursued, and shots were fired at her by the CG–290, but her greater speed and a smoke screen she threw out enabled her to effect her escape. This was about 10:15 p. m., and nothing further was seen of her by the CG–290.

About 2 a. m. on the following morning two other Coast Guard boats picked her up as she was entering Long Island Sound. At that hour the CG–234 was lying off Wilderness Point, Fishers Island, and heard the motor of an approaching boat which was running without lights. Commander Jewell maneuvered the CG–234 to intercept the approaching boat, turned his searchlight upon her, and fired his one pounder to signal her to stop, but she ran by him. He recognized her as the Gander. The commander of the CG–135 on patrol duty in The Race had heard the shots and seen the searchlight of the CG–234, and a few minutes later he saw a speed boat

which was running dark and throwing out a smoke screen, coming in on a course to cross his bow. He also turned his searchlight upon her and identified her as the Gander. Several rounds of machine gun ammunition were fired at her, and numerous tracer bullets were seen to strike her, but she escaped into Long Island Sound. Several days later the Gander was surrendered to the collector of customs upon demand, and at that time Commander Jewell and Boatswain Cornell went aboard her. They both testified to finding evidences of her having been recently struck by bullets.

The District Court made no findings of fact and wrote no opinion; but, from remarks made orally in granting the motion to dismiss, it appears that the judge thought a prima facie case had not been proved and that for some reason not clearly reported section 615 of the Tariff Act of 1922 (19 USCA § 525) could not aid the libelant. With these conclusions we cannot concur.

■ Without reference to section 615, which puts the burden of proof upon the claimant after probable cause for instituting a suit for forfeiture has first been shown, the libelant proved a prima facie case under counts 7, 9, and 2. The Gander was running at night without lights in The Race, which was concededly within territorial waters. She was positively identified by the Commanders of the CG-234 and the CG-135. The evidences that she had recently been under machine gun fire, which were discovered upon a subsequent examination of her hull, tended strongly to corroborate their identification. Nothing more was needed to prove count 7.

■■ Count 9 was proved with equal clearness. She refused to heave to when ordered to do so by the CG-234 and the CG-135. That the patrol boats were entitled to stop a boat running without lights is too clear for argument. Flight has been held an obstruction or hindrance to a lawful boarding by a revenue officer, within the meaning of section 3068, Rev. St. (18 USCA § 122). The Barracouta, 42 F. 160 (D. C. E. D. N. Y.). We have no reason to doubt the correctness of that construction of the statute. Therefore count 9 was proved without reference to the flight from the CG-290 on the high seas, though that also would appear to be a violation of the section in question. See Maul v. United States, 274 U. S. 501, 47 S. Ct. 735, 71 L. Ed. 1171.

■ Count 2 requires proof that the Gander was employed in a trade other than fishing.

Such proof was made. She left Stonington empty. She was discovered alongside a larger vessel on the high seas with fifty bags on her deck which obviously had been obtained from that vessel, and, when approached by a revenue vessel, she took to flight. It is not necessary to prove what the bags contained. The inference that she was engaged in smuggling something is the only inference rationally possible. Hence she was employed in a trade other than that of fishing, for which she was licensed. Maul v. United States, 274 U. S. 501, 47 S. Ct. 735, 71 L. Ed. 1171; United States v. Davidson, 50 F.(2d) 517 (C. C. A. 1); The Pilot, 43 F.(2d) 491 (C. C. A. 4); The K-3696, 36 F.(2d) 430 (D. C. E. D. N. Y.); The Esther M. Rendle, 7 F. (2d) 545 (C. C. A. 1); Le Bouef v. United States, 30 F.(2d) 394 (C. C. A. 5); The Lorraine Rita, 16 F.(2d) 607 (D. C. E. D. Pa.); United States v. Am. Motor Boat K-1231 (C. C. A.) 54 F.(2d) 502, handed down concurrently with this opinion. We think a prima facie case was clearly proved. Hence it is unnecessary to consider the meaning of section 615 of the Tariff Act of 1922, 19 USCA § 525 (see Locke v. United States, 7 Cranch, 339, 348, 3 L. Ed. 364) or its application to a forfeiture based on a violation of section 4377, Rev. St. (46 USCA § 325), although it may be noted that section 615 was held applicable to such a suit in United States v. Davidson, supra; The Chiquita, 41 F.(2d) 842, 843 (D. C. E. D. Cal.).

Count 8 charges a violation of section 586 of the Tariff Act of 1922 (19 USCA § 488), which reads as follows: "The master of any vessel from a foreign port or place who allows any merchandise (including sea stores) to be unladen from such vessel at any time after its arrival within four leagues of the coast of the United States and before such vessel has come to the proper place for the discharge of such merchandise, and before he has received a permit to unlade, shall be liable to a penalty, equal to twice the value of the merchandise but not less than $1,000, and such vessel and the merchandise shall be subject to seizure and forfeiture. * * *"

Whether this section applies to a vessel of American registry which receives merchandise from another vessel on the high seas and brings in and unlades the same at a place not "proper," seems to us a question of some doubt. Cf. 19 USCA § 489. It is a question the parties have assumed rather than argued. Decision is not necessary, since the Gander is forfeitable under count 2. Under these circumstances we need not and do not determine

508

whether the libel could be sustained as to count 8.

The decree is reversed, and the cause remanded, with directions to enter a decree of forfeiture in accordance with this opinion.