UNITED STATES *v.* THE RUTH MILDRED.

No. 795. Argued April 15, 1932.—Decided May 2, 1932.

*Assistant Attorney General Youngquist,* with whom *Solicitor General Thacher,* and *Messrs. Arthur W. Henderson* and *Paul D. Miller* were on the brief, for the United States.

*Mr. Milton R. Kroopf,* with whom *Mr. Louis Halle* was on the brief, for respondent.

MR. JUSTICE CARDOZO delivered the opinion of the Court.

The schooner " Ruth Mildred " was licensed to engage in the cod and mackerel fisheries. On March 1, 1928, she was observed by the Coast Guard in Long Island Sound headed for New York. She was trailed by a patrol boat till she docked in the East River. The master admitted to the customs officers that his vessel was carrying intoxicating liquors, and upon the search that followed a stock of liquors was discovered. A libel of information was thereafter filed against the vessel praying a decree of forfeiture for breach of the navigation laws (R. S. § 4377; U. S. Code, Title 46, § 325) in carrying on a business not permitted by the license. The master intervened in the suit, and pleaded that the remedy under § 26 of the National Prohibition Act was exclusive of any other. The District Court, upholding that defense, dismissed the libel, 47 F. (2d) 336, and the Circuit Court of Appeals affirmed, 56 F. (2d) 590. The case is here on a writ of certiorari granted on the petition of the Government.

Our decision in *General Motors Acceptance Corp.* v. *United States, ante,* p. 49, would require a reversal of this judgment if the vessel had been seized for unlawful importation in violation of the tariff act. Even more

plainly that result must follow where the basis of the seizure is a breach of the navigation acts growing out of a departure by the vessel from the conditions of her license. Contrast with the decision below the decision of the same court in *United States* v. *American Motor Boat K-1231*, 54 F. (2d) 502. By § 4377 of the Revised Statutes (U. S. Code, Title 46, § 325): "Whenever any licensed vessel . . . is employed in any other trade than that for which she is licensed, . . . such vessel with her tackle, apparel, and furniture, and the cargo found on board her, shall be forfeited." The "Ruth Mildred" was licensed for the fishing trade and not for any other. She would have been subject to forfeiture if her cargo had been wheat or silk or sugar. In a suit under this statute, her guilt was not affected, was neither enlarged nor diminished, by the fact that the cargo happened to be one of intoxicating liquors. The Government made out a case of forfeiture when there was proof that the cargo was something other than fish. Forfeiture under § 26 of the National Prohibition Act is one of the consequences of a successful criminal prosecution of a personal offender, and is ancillary thereto. Forfeiture under the Revised Statutes, § 4377, for breach of the navigation laws, is strictly *in rem*, and is not dependent upon a preliminary adjudication of personal guilt. *United States* v. *Stowell*, 133 U. S. 1, 16, 17. In brief, the basis of the charge of guilt directed against this vessel is not a breach of the National Prohibition Act nor any movement of transportation, lawful or unlawful. It is the act of engaging in a business other than the fishing trade in contravention of a license.

The decree should be reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed.*