### THE PHANTOM.
### HOFFMAN v. UNITED STATES et al.

District Court, D. New Jersey.
July 22, 1932.

Brown, Brenton & Watts, of New York City (Robert B. Watts, of New York City, of counsel), for petitioner.

Phillip Forman, U. S. Atty., of Trenton, N. J., and Isador S. Worth, Asst. U. S. Atty., of Riverside, N. J., for the United States.

AVIS, District Judge.

The proceedings before me are based upon a petition filed by Rubin Hoffman, claiming to be the owner of the motorboat Phantom, which, it is alleged, was seized by United States officers while transporting intoxicating liquor. The further allegations are that a person or persons were arrested at the time of the seizure and subsequently convicted of transporting intoxicating liquor.

It appears that the boat was taken into the custody of the collector of customs at Philadelphia, who summarily forfeited the boat under the provisions of the Tariff Act of 1930 (June 17, 1930, c. 497, title 4, § 602 et seq., 46 Stat. 754, 19 USCA § 1602 et seq.) and transferred it to the possession of the United States Coast Guard at Cape May, N. J.

The petition prays for the setting aside of the forfeiture and a redelivery of the property to the petitioner, or the requirement that a libel for condemnation be filed and the petitioner have an opportunity to defend. At the time this petition was presented and counsel heard, a conclusion would have involved the construction of the various decisions and also the statute involved, because of the ruling in the case of Richbourg Motor Company v. United States, 281 U. S. 528, 50 S. Ct. 385, 74 L. Ed. 1016, 73 A. L. R. 1081, but since that time the Supreme Court of the United States, in the case of United States of America v. Two-Masted Auxiliary Schooner Ruth Mildred, etc., 52 S. Ct. 473, 76 L. Ed. 981, decided May 2, 1932, has decided that, under circumstances similar to the facts involved in the instant case, proceedings may be had against a vessel under the revenue laws, and it is not required to proceed under section 26, title 2, of the National Prohibition Act (27 USCA § 40), in accordance with the views expressed in the Richbourg Case.

The result is a denial of the petition.