**UNITED STATES v. COPPOLO et al.**

**No. 2700-b.**

District Court, D. New Jersey.

June 27, 1932.

On Reargument Dec. 30, 1932.

Phillip Forman, U. S. Atty., and John W. Griggs, Asst. U. S. Atty., both of Trenton, N. J.

Harlan Besson, U. S. Atty., of Hoboken, N. J., on reargument.

Louis Halle, of New York City, for defendants.

AVIS, District Judge.

The defendants have been indicted for possession, transportation, and importation of intoxicating liquors. They were arrested while aboard the fishing boat Antonina. Defendants move to suppress the evidence seized, alleging illegality under the Fourth and Fifth Amendments to the Constitution.

It appears from the testimony, taken on the motion, that Chief Boatswain Mate Karl Schmidt, an officer of the Coast Guard, was patrolling the entrance to Ambrose Channel on July 24, 1931, in a government vessel; that he sighted the above-mentioned fishing vessel entering the harbor; hailed the vessel, and went aboard. He asked for, and inspected, the vessel's documents, including the manifest. The captain stated that the vessel was loaded with scallops. The boatswain, claiming a right to investigate the cargo, then opened the hatches and discovered that the vessel carried a large quantity of intoxicating liquor. There was no testimony tending to show that, prior to boarding, the government officer had any cause to believe that the vessel was smuggling or carrying contraband.

116

The government claims that under the revenue laws a search and seizure, made by proper officers, does not require that they shall have reasonable cause to believe that the law is being violated, but that the right to search and seize without probable cause is justified under the provisions of 19 USCA § 241, section 2806 of the Revised Statutes, and section 581 of the Tariff Act of 1922 (19 USCA § 481; 46 USCA § 6). All of these statutes have been repealed, and the law embodying the provisions of the repealed acts is now found in 19 USCA §§ 1431 and 1581, being the 1930 re-enactment of the tariff laws.

Section 1431 refers to the requirement of manifest, and what it shall contain, and section 1581 authorizes the officers of the customs or the Coast Guard, etc., to go on board of any vessel "to examine the manifest and to inspect, search, and examine the vessel or vehicle, and every part thereof. * * *" This section further provides that the officers may board the vessel and use such force as may be necessary, and, in case of breach or violation of the law, may seize the vessel and arrest the persons found on board.

 The protection afforded by the Fourth and Fifth Amendments extends to boats, and, unless the revenue laws aforesaid give the right, a search and seizure could not be made without a search warrant, unless the officer had reasonable cause to believe the law was being violated.

There is no suggestion in the evidence that the Coast Guard officer had any reason to believe that the boat was carrying liquor until the hatches were opened. It appears that at the time in question all vessels of this character were being boarded.

The proof shows that the manifest was produced, and was, on its face, in conformity with the provisions of the statute.

The case of Maul v. United States, 274 U. S. 501, 47 S. Ct. 735, 71 L. Ed. 1171, cited by counsel for the United States, does not seem to be in point, as it decided only the question of the right to seize a vessel beyond the twelve-mile limit, and did not involve the question of lawful or unlawful seizure under the Constitution.

In United States v. Lee, 274 U. S. 599, 47 S. Ct. 746, 71 L. Ed. 1202, the same question as to place of seizure was involved, but, in addition, the right of seizure without probable cause was also raised. The court held the seizure to be valid, but it is apparent that this result was reached only because of the facts in that case. The court, through the whole opinion, rests the decision upon the fact that

there was "probable cause to believe." Pages 562, 563 of 274 U. S., 47 S. Ct. 746, 748.

It is not a case where the manifest was not produced, as in Gillam v. United States (C. C. A. 4) 27 F.(2d) 296, 301.

In the case of United States v. Hayes (D. C., E. D. N. Y.) 52 F.(2d) 977, 979, the court, in a statement which appears to be dictum, says that " 'Probable cause' was not a prerequisite for authority of the Coast Guard patrol to board the vessel to inspect for any violation of the navigation, tariff, or other laws of the United States," but that case was disposed of upon the conclusion that probable cause had been shown. No cases were cited to sustain the statement made.

The case of Arch v. United States (C. C. A. 5) 13 F.(2d) 382, 384, I believe shows the actual legal distinction, as to the necessity for reasonable cause, and circumstances under which a search incident to a seizure may be made. The court in that case said: "When the Coast Guard observed her at anchor they had the authority to board her for the purpose of making inquiry as to her cargo and destination, and, finding no manifest, had the right to search without the necessity of procuring a search warrant. Tariff Act of Sept. 21, 1922, § 581 (Comp. St. Ann. Supp. 1923, § 5841h [19 USCA § 481, 46 USCA § 6]); Carroll v. U. S., 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790. Finding probable cause therefor, the seizure was justified. It follows that the evidence thus obtained was admissible."

A government officer has the right to board a vessel to inspect the manifest and observe the cargo, and if, from this investigation, it is apparent that a crime is being committed in his presence, by reason of what he can see, or by reason of the failure of the master to produce a manifest, or an incomplete or improper manifest, or other apparent violation of the navigation or revenue laws, he would have the right to arrest the offender and seize and search the vessel.

In the instant case no such violation was proven, for, as the proof goes, there was nothing in the appearance of the vessel, or the surrounding circumstances, to indicate that it was violating any United States law. The violation was discovered only upon the opening of the hatches and the making of an exploratory search.

I agree with the general conclusions of Judge Knox in the case of Fish v. Brophy (D. C., S. D. N. Y.) 52 F.(2d) 198, as to the necessity of probable cause, but do not agree

with his suggestion that the provisions of the Tariff Act apply only to vessels carrying cargo from a foreign port.

■ The instant case is submitted by the government solely upon the claim that the Coast Guard under the revenue act provisions have authority, without probable cause, to search any vessel in American waters. With this contention I cannot agree, and, as no probable cause to seize or search was shown, an order will be made to suppress the evidence so seized.

### On Reargument.

On June 27, 1932, I filed a memorandum in which I decided that the evidence obtained by the search and seizure of the vessel Antonina should be suppressed because of illegality of such search and seizure. The United States attorney asked for a reargument, which was allowed, and additional briefs have been submitted.

Inadvertently, in my memorandum, I stated that the manifest had been produced by the master. At that time I did not have a transcript of the testimony taken, and this statement was based upon my incomplete notes. It now appears that it was not required that the boat should have had a manifest, and none was produced. However, as I view the facts and the law, this would not affect the decision.

The United States attorney argues:

(1) *That the Defendant Had No Status to Make the Motion.* Their status was not questioned at the time of hearing, and it does not appear by the record that the defendants did not have an interest, such as to give them the right to the relief requested. The case was submitted on the one question only, i. e., could the Coast Guard seize and search the vessel without probable cause to believe the law was being violated? The seizure was made on July 24, 1930, and I do not feel that the entire matter should be reopened at this late date.

■ (2) *That the Decree of Condemnation Rendered the Question of the Validity of the Search and Seizure Res Adjudicata and This Decree Was Not Subject to Collateral Attack.* The cases cited by the United States attorney refer only to the validity of the condemnation, and every interest in the res. No case is cited which holds that the defendants are precluded from making a motion to suppress the evidence in a criminal cause.

■ (3) *That the Vessel Carried a Foreign Cargo, had No Manifest, and Was Properly Subject to Search Under Section 581, Tariff Act 1922, title 19, USCA § 481 (repealed; now Tariff Act 1930, § 581 [19 USCA § 1581]).* It appears by the record that no manifest was required to be carried by the vessel. The fact that the vessel was carrying a foreign cargo was not discovered until after the search and seizure. The search being illegal, what was discovered thereby could not make legal that which was illegal at the time.

The case of Maul v. United States, 274 U. S. 501, 47 S. Ct. 735, 71 L. Ed. 1171, referred to in brief, raised no question of the legality of the search and seizure based upon probable cause. The only matter involved in that case was the right to seize a domestic vessel beyond the 12-mile limit.

(4) *That the Vessel was Lawfully Searched and Seized Under Provisions of R. S. § 4377, title 46, USCA § 325.* The case of United States v. The Ruth Mildred, 286 U. S. 67, 69, 52 S. Ct. 473, 76 L. Ed. 981, cited by government counsel under this heading, has no bearing upon the instant controversy. In that case the vessel was legally seized, and the court decided that forfeiture could be had under Rev. St. § 4377, and not necessarily under the National Prohibition Act (27 USCA), where the vessel was licensed for the fishing trade, but actually carried a cargo of intoxicating liquors.

For the reasons stated, the court adheres to the decision originally rendered.