### KIRK v. UNITED STATES.
#### No. 6997.

Circuit Court of Appeals, Ninth Circuit.
March 20, 1933.

II. Wm. Hess and Stanley M. Doyle, both of Los Angeles, Cal., for appellant.

Samuel W. McNabb, U. S. Atty., and Frank M. Chichester, Asst. U. S. Atty., both of Los Angeles, Cal., for the United States.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

WILBUR, Circuit Judge.

This appeal is from the decree of the District Court for the southern district of California, by which decree the American Gas Screw V—293 was ordered condemned and forfeited to the United States.

On application of the owner of said vessel, the Deputy Collector of Customs of the port of San Diego, Cal., on October 14, 1931, allotted and assigned to that vessel the number V—293. The vessel was of less than five net tons. Section 288 of title 46, US CA, 40 Stat. 602, provides that: "Every undocumented vessel, operated in whole or in part by machinery, owned in the United States and found on the navigable waters thereof, * * * shall be numbered. * * * The said numbers * * * shall be awarded by the collector of customs of the district in which the vessel is owned and a record thereof kept in the customhouse of the district in which the owner or managing owner resides."

Appellee contends that the number allotted to the respondent vessel, pursuant to 46 USCA § 288, was granted in lieu of a license and should be considered as a license within the meaning of R. S. § 4377 (46 USCA § 325), subjecting a vessel to forfeiture for violating its license. In the application for a number it was stated that the principal occupation of the vessel was to be fishing. The vessel was chartered to one Eric Hogstrom, who was in possession of and operating the same at the time she was seized by the Coast Guard on March 3, 1932. At the time of said seizure, she had aboard a large quantity of supplies and foodstuffs, totaling about 1,200 pounds. On the theory that the vessel was engaged in transporting goods for pay, the libel alleges "That on or about March 3, 1932, the said American Gas Screw V—293 engaged in a trade other than that for which she was licensed in violation of section 4377, R. S., 46 USCA § 325"; and "that because of the violation of the aforesaid section 4377, R. S., 46 USCA § 325, the respondent, American Gas Screw V—293, together with her motors, tackle, apparel, furniture, etc., has become forfeit to the United States of America."

The statute under which the forfeiture of the vessel was decreed is as follows: "Whenever any licensed vessel is transferred, in whole or in part, to any person who is not at the time of such transfer a citizen of and resident within the United States, or is employed in any other trade than that for which she is licensed, or is found with a forged or altered license, or one granted for any other vessel, such vessel with her tackle, apparel, and furniture, and the cargo, found on board her, shall be forfeited. * * *" R. S. § 4377 (46 USCA § 325).

Appellant contends that the American Gas Screw V—293, being a vessel of less than five net tons, is not subject to forfeiture under the above-quoted statute because she was not a licensed vessel. The determination of this question depends upon the construction to be placed upon the term "licensed vessel" as used in the statute.

Under R. S. § 4311 (46 USCA § 251), only vessels of twenty tons and upwards, properly enrolled and having a license in force, and vessels of less than twenty tons which, although not enrolled, have a license in force, are deemed vessels of the United States entitled to the privileges of vessels employed in the coasting trade or fisheries.

In United States v. The Sciota, Fed. Cas. No. 16,240, 27 Fed. Cas. 987, the court said: "* * * It was therefore contended at the hearing that the vessel was forfeited under the thirty-second section of the act of 1793, which provides that if any licensed ship or vessel shall be transferred in whole or in part to any person who is not at the time of such transfer a citizen of, and resident within, the United States, or if any ship or vessel shall be employed in other trade than that for which she is licensed, or shall be found with a forged or altered license, or one granted for any other ship or vessel, every such ship or vessel, with her tackle, apparel, and furniture, and the cargo found on board her, shall be forfeited. In order to entitle the United States to a decree of forfeiture under this section, it is necessary to show a transfer, and that the vessel was a licensed vessel at the time of such transfer. It appeared upon the hearing that although the Sciota had been licensed, before the alleged sale, to a foreigner or foreigners, such license had become void some time prior to such sale, by reason of her sale and transfer from the Western Transportation Company (her owner at the time of her license,) to the

84

claimants in this suit. She was not therefore a licensed vessel, within the meaning of the thirty-second section above quoted (section 5, Act 1793; 1 Stat. 30; Two Friends [Case No. 14,289]; section 46, p. 30, of Regulations under the Revenue Laws published in 1857); and this was substantially conceded by the learned counsel for the government. There can therefore be no condemnation under the thirty-second section on either of the first four counts of the libel." '

██ The section construed in U. S. v. The Sciota, supra, was incorporated in substance in R. S. § 4377. That case is a direct holding to the effect that in order to be subject to forfeiture under that section of the Revised Statutes the vessel must have a license then in force. Section 4377 of the Revised Statutes is clear and unambiguous and there is no basis for extending the forfeiture provisions therein contained beyond the express terms thereof. The respondent vessel, American Gas Screw V—293, did not have a license and was not, therefore, subject to forfeiture under R. S. § 4377, which applies to licensed vessels only. The decision of the Circuit Court of Appeals of the Fifth Circuit, relied upon by the respondent, does not conflict with this view. Stephens v. United States, 30 F. (2d) 286, 287. In that case the forfeiture was declared under 46 USCA § 60, which is as follows: "Whenever any certificate of registry, enrollment, or license, or other record or document granted in lieu thereof, to any vessel, is knowingly and fraudulently obtained or used for any vessel not entitled to the benefit thereof, such vessel, with her tackle, apparel, and furniture, shall be liable to forfeiture. (R. S. § 4189.)" .

The court in Stephens v. U. S., supra, held that within the meaning of the above set out statute (46 USCA § 60) the number allotted to a vessel is to be considered a record or document granted in lieu of a certificate of registry, enrollment, or license, and the vessel was subject to forfeiture under that statute. The vessel had been altered from one of less than five net tons to one of 11.53 net tons, and the court stated: "When the vessel, after having been changed as above stated, was employed in trade, she was not entitled to the benefit of the number allotted to her as above stated. It appears that that number was knowingly used for a vessel not entitled to the benefit thereof. Any one participating in that use was charged with knowledge of the laws governing the use of the vessel in trade, and such participation manifests a purpose to evade those laws, or frustrate the proper administration thereof. The use of the number for such illegal purpose was fraudulent, though financial loss to the government was not involved."

The court in that case recognized, as we think a proper construction of R. S. § 4377 requires, that in order for a vessel to be subject to forfeiture under that section it must appear that the vessel is over five tons and is a licensed vessel pursuant to the provisions of chapter 12 of title 46 (section 251 et seq.) covering the licensing of vessels. In that regard the court said: "When the vessel was so changed as to become one of between 5 and 20 tons, she was subject, after the making of prescribed sworn statements, to be licensed to be employed in trade, and, if she had been so licensed, would have been subject to be forfeited for being employed in a trade other than the one for which she was licensed. 46 USCA §§ 262, 325."

In view of our conclusion that the vessel was not subject to forfeiture under the statute invoked by the government, it is unnecessary to consider the other contentions of the parties.

Decree reversed.