## THE HELEN.

## THE EVELYN.

## THE DORIS.

## MATOIL SERVICE & TRANSPORT CO. v. UNITED STATES.

### No. 5284.

Circuit Court of Appeals, Third Circuit.
Aug. 16, 1934.

See, also, 2 F. Supp. 911.

Samuel I. Kessler, of Newark, N. J. (Louis Halle and Thomas A. McDonald, both of New York City, of counsel), for appellant.

Harlan Besson, U. S. Atty., of Trenton, N. J.

Before BUFFINGTON and DAVIS, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM.

This case arises on a petition to reverse the decrees of the District Court forfeiting the oil barges, Doris and Helen, and the oil screw Evelyn libeled in this cause, to discharge them from custody and to dismiss the libels.

The case was argued before the repeal of the Eighteenth Amendment to the Constitution of the United States which became effective December 5, 1933, but decision at that time had not been rendered, and in April following the petition in this case was filed on the ground that the "District Court directed forfeiture of the vessels solely upon the ground that the vessels were violating section 4377 because they were carrying cargoes made illicit by reason of the National Prohibition Act."

Section 4377 of the Revised Statutes (46 USCA § 325) provides that: "Whenever any licensed vessel * * * is employed in any other trade than that for which she is licensed, * * * such vessel with her tackle, apparel, and furniture and the cargo, found on board her, shall be forfeited."

It is alleged in the amended libel: "That on the 12th day of December, 1932, aforesaid, at Port Johnson, Bayonne, in the State of New Jersey, in the District of New Jersey, and within the jurisdiction of this Court, the said Oil Barge 'Doris' was employed in a trade for which she was not licensed, in that she was unlawfully transporting and unlawfully possessing in transportation a large quantity of intoxicating liquor fit for use for beverage purposes and containing one half of one per cent or more of alcohol by volume, to wit: one hundred and forty-six thousand one hundred and fifty seven gallons (146,157) of alcohol, in violation of the provisions of Section 3, Title II of the National Prohibition Act."

The amended final decree provided: "That the said Oil Barge 'Doris,' and her engines tackle, apparel, furniture, boats and papers be and the same hereby are condemned as forfeited to the United States for violation of the provisions of Section 4377 of the Revised Statutes of the United States (par. 325, Title 46, U. S. C.), as in the amended libel, filed herein, set forth."

The vessels were thus forfeited on the sole ground that they were employed in a

trade for which they were not licensed, the carriage of intoxicating liquor made illicit by the National Prohibition Act (27 USCA).

The same allegation in the libel and the same decree of condemnation was made in the case of each vessel.

█ If this is all there is in this case, it is controlled by the decisions in the cases of United States v. Chambers & Gibson, 291 U. S. 217, 54 S. Ct. 434, 78 L. Ed. 763, 89 A. L. R. 1510; Massey v. United States, 291 U. S. 608, 54 S. Ct. 532, 78 L. Ed. 1019, and McClure et al. v. United States (C. C. A.) 70 F.(2d) 519, and the decrees must be reversed, for the vessels were licensed to engage in "coasting" trade and could engage in any such trade. The illegal character of the cargo in these cases was alleged to be illegal because of the National Prohibition Act, which does not now have any force and effect.

But the libelant proceeded under sections 584 and 594 and section 1, Schedule 8, par. 814, of the Tariff Act of 1930 (19 USCA §§ 1584, 1594 and 1001, Schedule 8, par. 814).

Section 584 (19 USCA § 1584) provides the penalty for the refusal to produce the manifest by vessels engaged in foreign trade and "bound to the United States," and section 594 (19 USCA § 1594) prescribes the procedure for the collection of the penalty.

█ These sections do not refer to a vessel engaged in a coastwise trade which does not require a manifest. This is a tariff measure, and its provisions were designed to prevent the importation of merchandise into the United States without the payment of the required duty thereon. Consequently it is not applicable to a vessel engaged in a coastwise trade where no manifest is required because no duty is imposed on such merchandise, it being already in the United States.

█ Section 1, par. 814, of Schedule 8 (19 USCA § 1001, Schedule 8, par. 814), provides that: "No wines, spirits, or other liquors or articles provided for in this schedule containing one-half of 1 per centum or more of alcohol shall be imported or permitted entry except on a permit issued therefor by the Commissioner of Prohibition, and any such wines, spirits, or other liquors or articles imported or brought into the United States without a permit shall be seized and forfeited in the same manner as for other violations of the customs laws: Provided, That high-proof fruit spirits made in distilleries connected with wineries for use in the fortification of wines, may also be withdrawn and used, under the same laws and regulations applicable to the withdrawal and use of alcohol for all non-beverage purposes."

This section provides that wines and other liquors imported into the United States without a permit from the Commissioner of Prohibition shall be seized and forfeited. This has no reference to the vessels in this case, and is inapplicable to them.

The decrees forfeiting the vessels are reversed, with directions to discharge the vessels and dismiss the libels.