## THE PUEBLOS.

### THE MONALOLA.

#### THE CHOCTOWS.

Nos. 266–268.

Circuit Court of Appeals, Second Circuit.
March 4, 1935.

On Rehearing May 13, 1935.

Robert P. Butler, U. S. Atty., of Hartford, Conn. (George H. Cohen, of Hartford, Conn., of counsel), for the United States.

Louis Halle, of New York City (Milton R. Kroopf, of New York City, of counsel), for claimants-appellees.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

Libels for forfeiture and fines were filed by the United States against the Pueblos, the Monalola, and the Choctows, respectively. The causes of action and the proof and disposition in the court below were as follows:

The Pueblos.

This vessel was seized by the Coast Guard about 5 miles south of Sakonet Point, when running without lights, because she

was believed to be carrying intoxicating liquor. After being taken to New London, she was found to have a cargo of such liquor, and thereafter this suit was begun. Six causes of action were alleged in the libel.

■ The first cause of action is to recover a penalty under sections 584 and 594 of the Tariff Act of 1930 (19 USCA §§ 1584, 1594) because the master did not produce a manifest when requested by the Coast Guard. This cause of action cannot be sustained because section 584 (19 USCA § 1584) only relates to a vessel "bound to the United States," and there was no proof of the origin or destination of the vessel. Matoil Service & Transport Co. v. United States (C. C. A.) 72 F.(2d) 772.

The second cause of action is for forfeiture of the vessel and cargo under section 4377 of the Revised Statutes (46 USCA § 325), which provides that, whenever any licensed vessel "is employed in any other trade than that for which she is licensed, * * * such vessel with her tackle, apparel, and furniture, and the cargo, found on board her, shall be forfeited. * * *" The license of the Pueblos was "for coasting trade—service fishing." We think that section 4377 (46 USCA § 325), and particularly the last clause, which says that "vessels which may be licensed for the mackerel fishery shall not incur * * * forfeiture by engaging in catching cod or fish of any other description whatever," show that licenses may be limited to use in a specific business, whether the vessel is to be employed in coasting or foreign trade. Our decision in The Gander, 54 F.(2d) 505, indicates that such has been the interpretation of the statute. There we forfeited a vessel, having a coasting license for "fishing," because she carried liquor. The license was like the one here. This cause of action should be sustained.

The third cause of action is for forfeiture of the vessel and cargo under Rev. St. § 4337 (46 USCA § 278), for proceeding on a foreign voyage without first giving up her enrollment and license to the collector of the district. This cause of action was not sustained because there was a lack of proof that the Pueblos was proceeding on a foreign voyage.

The fourth cause of action is to recover a penalty under Rev. St. § 4376 (46 USCA § 324), because of the failure of the master to exhibit the enrollment or license of the vessel when required. There was no proof of this cause of action which the District Judge found to have been abandoned.

The fifth cause of action is to recover a penalty of $500 under Rev. St. § 3068 (18 USCA § 122), for obstructing an officer in lawfully going on board the Pueblos. There was no proof of this cause of action which the District Judge also found to have been abandoned.

■ The sixth cause of action is to recover a penalty of $100 for running without lights in violation of the Act of June 9, 1910, §§ 2, 3, 7 (46 USCA §§ 512, 513, 517). This section did not apply to the Pueblos because she was a motorboat of more than 65 feet in length.

### The Monalola.

■ The libel against the Monalola, a motorboat having a length of 57.4 feet, also contained six causes of action like those set up against the Pueblos. She was sighted running without lights, was overhauled by the Coast Guard about 6½ miles from shore, suspected of carrying a cargo of liquor, and taken to New London, Conn. There her cargo was found to be intoxicating liquor, but no evidence was produced as to her origin or destination. The first, third, fourth, and fifth causes of action lacked proof. A fine of $75 was properly imposed under 46 USCA §§ 512 and 513, because the vessel, having a length of not more than 65 feet, did not carry the necessary lights.

There was a failure to prove that the Monalola was engaged in a trade for which she was not licensed because the evidence was only to the effect that she had a coasting license, and not, as in the case of the Pueblos, that her license was also limited to fishing. While the Registry of Merchant Vessels of the United States, compiled by the Bureau of Navigation and Steamboat Inspection of the Department of Commerce, shows that she had a license limited to fishing, this was not proved at the trial, and the entry in the Department of Commerce is a matter of which we cannot take judicial notice. Nevertheless, as this appeal, under the admiralty practice, is a new trial, we can allow the libelant to offer evidence in this court to show that the license of the Monalola was limited to employment of the vessel in fishing. If she was so limited, the second cause of action, based upon employment in another trade than that for which she was licensed, would be established. We think this indulgence is only just because it

is somewhat doubtful from the record before us whether the claimant did not waive proof of the second cause of action at the trial and limit the defense to the question whether there was probable cause for the seizure. Yeaton v. United States, 5 Cranch, 281, 3 L. Ed. 101.

## The Choctows.

The libel against the Choctows, a motorboat having a length of 67.2 feet, contained four causes of action. She was sighted, running without lights, about 5 miles south of Sakonet Point, overhauled by the Coast Guard, suspected of carrying a cargo of liquor, and taken to New London, Conn. There her cargo was found to be intoxicating liquor. Her license was in the coasting trade and for "fishing."

The first cause of action is to recover a penalty under sections 584 and 594 of the Tariff Act of 1930 (19 USCA §§ 1584, 1594) because of failure to produce a manifest when demanded. There was, however, no proof that the vessel was bound for the United States from a foreign port, so this cause of action was not sustained.

The second cause of action in the present libel, which, like the second cause of action in the Pueblos suit, is for forfeiture of the vessel and cargo under section 4377 of the Revised Statutes (46 USCA § 325), ought to be sustained because the proof shows that the Choctows, while licensed only for fishing, was carrying a cargo of liquor.

The third cause of action is for forfeiture under Rev. St. § 4337 (46 USCA § 278). Like the third cause of action in the Pueblos, it plainly has not been sustained.

The fourth cause of action is to recover a penalty of $100 for running without lights in violation of the Act of June 9, 1910 (46 USCA § 512 et seq.). Owing to the fact that the length of the Choctows was more than 65 feet, the statute did not apply, and the cause of action has not been sustained.

The court below dismissed each cause of action in all three libels except the sixth in the libel of the Monalola. As we have already indicated, this disposition of the causes of action was proper except as to the second causes of action in the Pueblos and the Choctows, and the second cause of action in the Monalola if the libelant shall establish by further proof that the license of the Monalola was for fishing.

The contention is without merit that the vessels were illegally seized because the Coast Guard had no probable cause to believe that there was an infraction of law in employing them in a trade other than that for which they were licensed. Under section 581 of the Tariff Act of 1930 (19 USCA § 1581) and section 3061 of the Revised Statutes (19 USCA § 482), officers are authorized to board vessels and make searches in aid of the enforcement of customs laws. Consequently the search, whether made with or without probable cause, and the seizure following the finding of a cargo of liquor on board, were lawful. The Atlantic (C. C. A.) 68 F.(2d) 8. Cf. Maul v. United States, 274 U. S. 501, 47 S. Ct. 735, 71 L. Ed. 1171. But claimants principally contend that the repeal of the Eighteenth Amendment wiped out all the alleged grounds of forfeiture under the rule laid down in United States v. Chambers, 291 U. S. 217, 54 S. Ct. 434, 78 L. Ed. 763, 89 A. L. R. 1510. That decision, however, only involved the effect of the repeal upon proceedings (in that case, criminal prosecutions) for violation of the National Prohibition Act (27 USCA § 1 et seq.). We think that it had no bearing on proceedings for forfeiture under the navigation or customs laws. In United States v. The Ruth Mildred, 286 U. S. 67, 52 S. Ct. 473, 76 L. Ed. 981, the forfeiture of a vessel under section 4377 of the Revised Statutes (46 USCA § 325), because she carried a cargo of intoxicating liquors when she was only licensed for fishing, was sustained by the Supreme Court. In United States v. 3190 Bags, etc., 70 F.(2d) 246, we sustained the seizure and forfeiture of a vessel and her cargo under a libel for violation of the customs laws and held that, where they could have been libeled for violation of either the customs or prohibition laws, the United States might elect to proceed under the customs laws, and that the repeal of the Eighteenth Amendment did not affect the proceeding.

The claimant relies on the decision of the Third circuit in The Helen, 72 F.(2d) 772, where there was a count in the libel under section 4377 of the Revised Statutes (46 USCA § 325). But, so far as we can discover, there was no attempt in that case to show that the vessel had a license limited to a particular business or that she traded outside of the terms of her license except in so far as the intoxicating liquors that she carried were contraband merchandise owing to the Prohibition Act. This merchandise of course became lawful cargo after the repeal of the amendment, so that the vessel could not be said to have traded out-

side of her license merely because liquor was contraband prior to the repeal. In any event, United States v. The Ruth Mildred, 286 U. S. 67, 52 S. Ct. 473, 76 L. Ed. 981, and our own decision in United States v. 3190 Bags, etc., 70 F.(2d) 246, seem to preclude us from holding that a vessel that trades in liquor when she is only licensed for fishing is not subject to forfeiture under Rev. St. § 4377 (46 USCA § 325).

The decrees are all affirmed except as to the second causes of action, in respect to which the decrees in the Pueblos and the Choctows suits should be reversed, and decrees of forfeiture should be entered. The second cause of action in the Monalola suit should proceed in accordance with the views stated in this opinion.

### On Rehearing.

After the opinion was handed down on the foregoing appeal, we allowed the claimant to put in evidence the licenses under which the libeled vessels were operated and permitted briefs to be filed and a reargument to be made by both parties. Upon the record now before us we find that the licenses were not in fact for fishing, but for the coasting trade. In the upper right-hand corner of each of the licenses there is a blank entitled "Service" which was filled in with the word "Fishing," but each document states: "License is hereby granted for the said vessel to be employed in carrying on the Coasting Trade for one year from the date hereof and no longer."

While it may be entirely proper and is customary for the Department of Commerce to require in the licenses which it grants a designation of the intended activities of all vessels under enrollment and license, the statute prescribing the forms of licenses covers only vessels engaged in the "coasting trade" on the one hand, and in "fisheries," consisting of "whale fishery," "mackerel fishery," or "cod fishery," on the other. 46 U. S. C. § 263 (46 USCA § 263).

Vessels engaged in whale, mackerel, or cod fishing are not strictly speaking engaged in either coasting or foreign trade, for, while they sail to waters far from our coasts, they do not trade in and out of foreign ports. Accordingly the statute has prescribed special licenses for such vessels. 46 U. S. C. § 263 (46 USCA § 263).

In view of the form of the licenses now before us, we cannot regard them as limited to the kinds of fishing to which the statute relates, that is, to "whale," "mackerel," or "cod fishing." The words "service fishing" appearing in the corner of each instrument did no more than designate the proposed activities of the licensed vessels and, in our opinion, did not curtail the words "Coasting Trade" appearing in the body of the licenses. The vessels were licensed broadly for the coasting trade and could carry any merchandise in that trade so long as it was not in itself unlawful.

In view of the licenses submitted on the rehearing and the arguments now adduced, we can no longer regard our decision in The Gander (C. C. A.) 54 F.(2d) 505, as governing the case. So far as that decision was based on a license identical in form with those now before us, it can only be sustained because the vessel there was carrying contraband liquor and the Prohibition Amendment was not then repealed.

Upon the record as augmented by the licenses that have been submitted the decrees of the District Court are affirmed.