THE PATRICIA, NO. 970–A.*

TOICHI TOMIKAWA v. UNITED STATES.
No. 7681.

Circuit Court of Appeals, Ninth Circuit.
Feb. 10, 1936.

*Rehearing denied April 13, 1936.

Young, Lillick, Olson & Kelly, of Los Angeles, Cal., for appellant.

Peirson M. Hall, U. S. Atty., and J. J. Irwin, Asst. U. S. Atty., both of Los Angeles, Cal., for the United States.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

The United States filed its libel in rem, seeking forfeiture of the vessel Patricia and recovery of certain penalties said to have been incurred by appellant as master and owner of the vessel. The libel was in three counts. The District Court, after hearing the case, entered a decree dismissing the first count, sustaining the second and third counts, and granting the relief therein prayed for. This appeal is from that decree.

No appeal having been taken by the government, the action of the District Court in dismissing the first count of the libel is not before us for review. We are concerned only with the second and third counts. The second count seeks to recover penalties for an alleged violation of section 584 of the Tariff Act of 1930, c. 497, 46 Stat. 748, 19 U.S.C.A. § 1584. Section 583 of the act (19 U.S.C.A. § 1583) provides that: "The master of every vessel * * * bound to a port or place in the United States shall deliver to the officer of the customs or Coast Guard who shall first demand it of him, the original and one copy of the manifest of such vessel." Section 584 provides that: "Any master of any vessel * * * bound to the United States who does not produce the manifest to the officer demanding the same shall be liable to a penalty of $500, and if any merchandise * * * is found on board of * * * such vessel * * * which is not included or described in said manifest or does not agree therewith, the master * * * or the owner of such vessel * * * shall be liable to a penalty equal to the value of the merchandise so found." These sections, it will be noted, apply only to vessels bound to the United States.

The second count of the libel alleges, in substance, that on March 23, 1932, an officer of the Coast Guard demanded of appellant, the then master and owner of the Patricia, that he produce the manifest of her cargo; that appellant failed and refused to do so; and that he thereby violated section 584 of the Tariff Act of 1930 and became liable to a penalty of $500 and to a further penalty equal to the value of the merchandise found on the Patricia, namely, $17,490. The libel does not indicate where the Patricia was or whither she was bound when her manifest was demanded. Unless she was then bound to the United States the failure to produce her manifest did not constitute a violation of section 584. The Pueblos (C.C.A.) 77 F.(2d) 618; The Helen (C.C.A.) 72 F.(2d) 772; Fish v. Brophy (D.C.) 52 F.(2d) 198. There is no allegation that the Patricia was bound to the United States. The second count fails, therefore, to state a cause of action.

The allegation that the Patricia's manifest was demanded of appellant by an officer of the Coast Guard is not sustained by the evidence. There is no evidence that any officer made such a demand of any one, or that any one made such a demand of appellant. From appellant's testimony, which is uncontradicted, it affirmatively appears that no one asked him for the Patricia's manifest. The only evidence of any demand is that of a seaman, not an officer of the Coast Guard, who testified that he (the seaman) went aboard the Patricia and asked one of her crew, not appellant, to produce her manifest. Such a demand, if made, was unauthorized and unofficial. Failure to comply with it did not constitute a violation of the Tariff Act.

Even if it had been alleged and proved that the Patricia was bound to the United States, that her manifest was demanded of appellant by an officer of the Coast Guard, and that such demand was not complied with, the penalty for such noncompliance would have been $500 and no more. The other penalty prescribed in section 584 is for having on board a vessel bound to the United States merchandise not included or described in her manifest or not agreeing therewith. There is neither allegation nor proof that any such merchandise was found on the Patricia. There was, therefore, no basis for the imposition of penalties in this case.

■ The third count of the libel seeks a forfeiture of the Patricia because of an alleged violation of section 4189 of the Revised Statutes, 46 U.S.C.A. § 60, which provides that: "Whenever any certificate of registry, enrollment, or license, or other record or document granted in lieu thereof, to any vessel, is knowingly and fraudulently obtained or used for any vessel not entitled to the benefit thereof, such vessel * * * shall be liable to forfeiture."

The third count alleges that on March 18, 1932, the number 970–A was awarded to the Patricia by the Collector of Customs; that on March 23, 1932, said number "was knowingly and fraudulently used for the said vessel when she was not entitled to the benefit thereof"; and that "said vessel engaged in trade on said date in violation of section 4189." Section 4189 contains no prohibition against engaging in trade. It does not deal with that subject at all. The statement that the Patricia engaged in trade in violation of section 4189 is, therefore, meaningless.

The number 970–A referred to in the third count was evidently the identification number awarded to the Patricia by the Collector of Customs pursuant to the Act of June 7, 1918, c. 93, 40 Stat. 602, 46 U.S.C.A. § 288, and regulations thereunder. Whether, as held in Stephens v. United States (C.C.A.) 30 F.(2d) 286, such a number is a record or document granted in lieu of a certificate of registry, enrollment, or license, within the meaning of Rev.St. § 4189, we need not and do not decide. Assuming, without deciding, that it is such a record or document, there is here no allegation of fact to support the pleader's conclusion that the Patricia was not entitled to the benefit of her identification number, or that it was fraudulently used. Lacking such allegations, the third count of the libel fails to state a cause of action.

■ Evidence to sustain the third count is equally lacking. The government did not prove, or attempt to prove, that the Patricia was not entitled to the benefit of her identification number, or that she made any fraudulent use of it. It appears from the evidence that the only use made of the number was that which the statute authorizes and requires, namely, the painting of it on each bow of the vessel "in such manner and color as

to be distinctly visible and legible." Act of June 7, 1918, supra. This constituted no ground of forfeiture.

The decree is reversed, and the case is remanded to the District Court, with directions to dismiss the libel.