## THE ULSTER.

## BAYCHESTER PETROLEUM CORPORATION v. UNITED STATES.

### No. 6015.

Circuit Court of Appeals, Third Circuit.
July 19, 1937.

Louis Halle, of New York City, for appellant.

John J. Quinn, U. S. Atty., of Red Bank, N. J., and W. Orvyl Schalick, Asst. U. S. Atty., of Camden, N. J., for the United States.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from a decree of the District Court forfeiting the vessel Ulster for violation of section 4377 of the United States Revised Statutes (46 U.S.C.A. §

325). The court also decreed that, in view of the release of the vessel on bond in the sum of $4,500, the libelant have judgment against the claimant, Baychester Petroleum Corporation, as principal on the bond, and against the National Surety Corporation, surety, for that amount.

The claimant admitted the facts stated in the amended libel, but contends that it does not set forth a cause for forfeiture.

The amended libel, among other things, alleges the following facts:

"That on January 25, 1933, * * * the * * * 'Ulster' was * * * licensed for the Coasting Trade * * * ; that on or about January 25, 1933, * * * the * * * 'Ulster' was employed in a trade for which it was not licensed, in that she was unlawfully transporting * * * a large quantity of intoxicating liquor fit for use for beverage purposes; to wit, 14,-375 gallons of rye whiskey, and that no tax on said rye whiskey had been paid * * * and 'that the said trade was a trade whereby the revenue of the United States was then and there being defrauded.' "

Section 4377 of the Revised Statutes (46 U.S.C.A. § 325), upon which the forfeiture proceedings are based, reads, in part, as follows: "Whenever any licensed vessel * * * is employed in any other trade than that for which she is licensed * * * such vessel * * * and the cargo * * * shall be forfeited."

The Coasting Trade license was presumably in the usual form prescribed by section 4321 of the Revised Statutes (46 U.S.C.A. § 263), which contains the provision that the vessel so licensed " * * * shall not be employed in any trade * * * whereby the revenue of the United States shall be defrauded."

█ The claimant contends that since the transportation of intoxicating liquor became legal by the repeal of the National Prohibition Act, 27 U.S.C.A. § 1 et seq., no libel for forfeiture can be predicated upon the transportation of such liquor. It is true that a libel for forfeiture can no longer be based upon a violation of the National Prohibition Act. The Helen, The Evelyn, The Doris, 72 F.(2d) 772 (C.C.A. 3). However, it does not necessarily follow that the transportation of intoxicating liquor in a manner which violates some other provision of the laws of the United

States may not be the basis of a forfeiture proceeding under section 4377.

Even during the period in which the National Prohibition Act was in force, it was unnecessary in cases involving the transportation of intoxicating liquor to base the libel for forfeiture on a violation of that act. If the license was violated, the vessel became subject to forfeiture. The Fidelia (C.C.A.) 58 F.(2d) 744, 745.

Sections 4321 and 4377, supra, are derived from the Act of February 18, 1793. See historical notes, 46 U.S.C.A. §§ 263 and 325. Thus in determining the meaning of the words in section 4377 "any other trade than that for which she is licensed," it is pertinent to consider the license itself and the form prescribed therefor by Congress in the same act. Since the license not only could not, but specifically did not, permit the Ulster to engage in a trade "whereby the revenue of the United States shall be defrauded," it follows that when it did engage in such a trade it was employed in a trade other "than that for which she is licensed" and became liable to forfeiture under section 4377.

As early as 1812 it was held by Justice Story in the case of United States v. The Mars, 26 Fed.Cas. p. 1166, No. 15,723, that, "if a coasting vessel be engaged in illegal trade, she is to be considered as employed in a trade, other than that for which she is licensed, and of course forfeits the protection of her license."

Clearly if a trade is illegal which violates a customs law (United States v. The Mars, supra), or a navigation law (United States v. The Ruth Mildred, 286 U.S. 67, 52 S.Ct. 473, 76 L.Ed. 981), a trade which violates a revenue law is likewise illegal. Maul v. United States, 274 U.S. 501, 508, 509, 47 S.Ct. 735, 738, 71 L.Ed. 1171.

The contention of the claimant that forfeiture in the present case must be prosecuted, if at all, under section 3450 of the Revised Statutes (26 U.S.C.A. §§ 1156, 1441), is untenable. The sections, including section 4377, of the Revised Statutes (46 U.S.C.A. § 251 et seq.), are part of an act entitled "Regulation of Vessels in Domestic Commerce" and are "directed to the protection of the revenue." Maul v. United States, supra.

In admitting the truth of the facts alleged in the amended libel, the claimant admitted that the Ulster was employed in a trade for which she was not licensed;

that no tax had been paid on the whisky constituting her cargo; and that the revenue of the United States was then and there being defrauded. It follows that under the provisions of sections 4377 and 4321 of the Revised Statutes (46 U.S.C.A. §§ 325, 263) the vessel must be forfeited.

The decree of the District Court is affirmed.