**UNITED STATES of America**

v.

**87 5/6 CASES (24 Btls per case) BEER (KING), 142.8 M Chesterfield Cigarettes, 40 M L&M Cigarettes, 10 M Pall Mall Cigarettes, 29.8 M Camel Cigarettes, and 19 Btls Wine (Rioja Ederra), more or less.**

**Civ. A. No. 2683.**

United States District Court
S. D. Alabama, S. D.

Sept. 14, 1964.

V. R. Jansen, Jr., U. S. Atty., Mobile, Ala., for plaintiff.

John H. Tappan, Pillans, Reams, Tappan, Wood & Roberts, Mobile, Ala., for defendant.

DANIEL HOLCOMBE THOMAS, District Judge.

This cause comes on to be heard on the libel of information filed by the United

States of America praying condemnation, in accordance with Title 19, Section 1610, United States Code, and other related sections, of certain articles of beer, cigarettes and wine, which were seized by the Collector of Customs aboard the Spanish vessel M/V VALENTINA FRIAS in the Port of Mobile, Alabama, on December 19, 1960.

Compania Naviera Vascongada, allegedly the owner of the M/V VALENTINA FRIAS, filed a cross-libel wherein they seek to recover penalties of $2,722.16 which were assessed against the master of the vessel for failure to list on the vessel's manifest the above described articles, pursuant to the provisions of Section 1584, Title 19, United States Code.

## FINDINGS OF FACT

The VALENTINA FRIAS is a ship of Spanish registry. The vessel arrived in the Port of New York on November 9, 1960, having sailed from a foreign port. On arrival in New York, the master produced the ship's manifest as required by 19 U.S.C.A. § 1583. At that time, certain stores were placed under official seal by a customs inspector.

From New York, the vessel sailed to Newport News, Virginia, to Mobile, Alabama, to Galveston, Texas, and back to Mobile. The vessel arrived at Mobile on this second occasion December 4, 1960. The entry documents show an entry date of December 5, 1960. From Mobile, the vessel sailed for a foreign port.

At each port of call after leaving New York, and before arriving at Mobile on the second occasion, certain articles were purchased by the vessel, among which are the articles sought to be condemned, with the exception of the wine. The master stated that these articles were placed under seal by customs officials.

Upon the second arrival in Mobile, the master furnished the vessel's manifest, again as required by 19 U.S.C.A. § 1583.

While the vessel was in the Port of Mobile, Mr. R. C. Williams, customs port investigator, apprehended two seamen with nine bottles of spirits in their possession. These seamen, from the vessel SCIENCE, stated that they had purchased the spirits aboard the VALENTINA FRIAS from the ship's steward. As a result of this, Mr. Williams caused an inspection to be made of the VALENTINA FRIAS.

Using the manifest furnished by the master, an inventory of the ship's stores was made, as well as an inspection of the ship. Upon inspection, certain cigarettes and spirits were found in the steward's room which were not on the vessel's manifest. These items, with the exception of the wine, were American made and had been purchased tax free at ports in this country.

These items were seized by the customs officials due to the fact that they were not listed on the vessel's manifest as allegedly required by 19 U.S.C.A. § 1584. The appraised value of these items was $2,-722.16. As a result of the seizure, a fine in the amount of $2,722.16 was levied against the master of the vessel as provided in 19 U.S.C.A. § 1584.

## CONCLUSIONS OF LAW

The question involved in this case is whether or not this particular vessel was subject to the provisions of 19 U.S.C.A. § 1584; and if so subject, was the failure to manifest certain domestic cigarettes and spirits (beer), purchased at ports of call in this country, a violation thereof.

This appears to be a case of first impression. The Court has been unable to find a case involving like circumstances.

Section 1584 provides that a manifest of a vessel bound for the United States must be produced by the master or the person in charge of the vessel. Any merchandise, including sea stores, belonging or consigned to the master or other officer or any of the crew, or to the owner or person in charge of such vessel, found on the vessel and not included or described in the manifest, shall be subject to forfeiture. The master, person in charge, or owner of such vessel shall be subject to a penalty equal to the value of such merchandise.

When the VALENTINA FRIAS initially entered this country by way of the Port of New York, she was a vessel bound for the United States, and as such subject to the provisions of 19 U.S.C.A. § 1584. When the vessel left New York and proceeded to her other ports of call in this country, she was still a vessel bound for the United States insofar as this statute is concerned. She could not be considered as being in coastwise trade, and thus exempt from the manifest requirements, because 46 U.S.C.A. § 883 prohibits a foreign vessel from engaging in coastwise trade.

The primary purpose for which this statute was enacted seems to have been to enable the government to collect duties on all dutiable items coming into this country. Matoil Service & Transport Co. v. United States, 3rd Cir., 1934, 72 F.2d 772. It also serves to prevent the smuggling into this country of prohibited items. United States v. Sischo, 1923, 262 U.S. 165, 43 S.Ct. 511, 67 L.Ed. 925. But, fundamentally, it was, and is, a revenue measure.

Foreign vessels engaged in foreign trade, or trade between the United States and any of its possessions, where permitted, are allowed to purchase supplies without payment of any internal-revenue tax under the provisions of 19 U.S.C.A. § 1309. The cigarettes and beer which are the subject of this cause were purchased tax free.

Since Section 1584 is primarily a revenue protecting measure, it would be completely inconsistent for a vessel to be allowed to purchase supplies in this country, tax free and for the United States, at the same time, to be unable to assure itself that the supplies will be used for the specific purpose intended in the exemption. These tax-free supplies could be disposed of at some other port of call in this country, without the accrual to the United States of any revenue therefrom, and the primary purpose of the manifest would thereby be defeated.

With the purpose of the statute in mind, coupled with the finding that the VALENTINA FRIAS was, upon arrival in Mobile on the second occasion, bound for the United States and subject to the provisions of 19 U.S.C.A. § 1584, the Court finds that these items of cigarettes and beer, though domestic, should have been described or included in the manifest. Pursuant to such finding, the Court holds that the cigarettes and beer, along with the imported wine, were properly seized and are subject to condemnation as prayed by the United States, and that the fine was properly imposed. The alleged owner of the vessel is entitled to no relief.

Decree in accordance herewith will be entered.